GEORGE F. BROOKS & wife *vs.* INHABITANTS OF SOMERVILLE.

A town, through its water committee, agreed with a contractor that he should make all trenches needed for laying water pipes in such streets as the committee might from time to time direct, and that he should guard and light the trenches by night for the protection of travellers. *Held,* that the town was nevertheless liable for an injury to a traveller on the highway caused by negligence in guarding the trenches, although the defect had not existed twenty-four hours and the town had no notice thereof.

In an action against a town for injuries caused by a defect in a highway, the defendants have no ground of exception to the refusal of the judge to instruct the jury that the plaintiff was not in the exercise of due care, if the facts on which the question depends are in dispute.

In an action to recover for personal injuries alleged to have been caused by negligence of the defendants in guarding a trench, they objected to the admission of testimony as to the guarding on Friday, upon the ground that the evidence tended to show that the accident was on Saturday; but the judge admitted the testimony, on the ground that the witnesses might be mistaken as to the day of the week they were testifying about, or there might be a mistake as to the day of the accident. It was afterwards conceded that the accident happened on Saturday, and the judge instructed the jury not to regard the testimony as to the guarding on Friday, unless they were satisfied that the witnesses who gave it were mistaken as to the day, and were in fact testifying as to what they saw on the day of the accident. *Held,* that the defendants had no ground of exception.

TORT to recover for injuries received by the female plaintiff through falling into an excavation in Washington Street, a highway which the defendants were bound to keep in repair. At the trial in this court, before *Colt*, J., the jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

It appeared from the bill of exceptions, that the defendants, having been authorized by statute to construct an aqueduct, entered into a written contract, in September 1868, through the chairman of their water committee, with Alexander Campbell, that Campbell should " make all the excavations, and refill the same, that may be required for receiving the water pipes to be laid" by the defendants, until December 1, 1868, to be paid for at so much a foot; that " excavations or trenches" should be " dug in such streets and trenches as the water committee may from time to time direct;" that Campbell should " at his own expense guard and light the trenches by night for the protection of travellers and their property, and all ordinances of the town, relative to the safety and convenience of the inhabitants, shall be strictly complied with;" and that Campbell should be " liable for all damages that may come from his neglect in complying with these requirements." It further appeared that Campbell, under this contract, dug the ditch into which Mrs. Brooks fell.

There was evidence that the ditch was not open twenty-four hours before the accident, and that the water committee told Campbell to open the trench for the pipes through Washington Street; but no other evidence of notice to the defendants of the existence of any defect in the street. The defendants requested the judge to rule that the action could not be maintained, because they had no legal or sufficient notice of the defect; but the judge declined to do so, and ruled that " under the circumstances disclosed the town would be liable without further notice, and whether the defect had existed twenty-four hours or not."

All the evidence touching the plaintiffs' exercise of due care and the defendants' negligence was set forth in the bill of exceptions. Mrs. Brooks testified that on Saturday, November 14, 1868, she and her husband were riding in a horse-car in Washington Street, about nine o'clock of a dark night; that her husband got out, and she followed; that she took one step, and in the act of taking the second fell into the ditch; that she did not look to see her husband, or call him, and did not look to see where she was going; that she was in the exercise of due care; that she did not look down to the ground, but looked ahead; and that she

was very near-sighted, but did not have her glasses on, although she had them in her pocket. There was evidence tending to show that there were no lights at the opening in the ditch where she fell; and there was great conflict of testimony on the question whether there were any lights in the neighborhood, and if so, how near they were, and where they were, and whether they were sufficient to reach the spot where the accident happened. The defendants requested the judge to rule that there was no sufficient evidence that Mrs. Brooks was in the exercise of ordinary care, but the judge declined so to rule.

" To the evidence given by various witnesses for the plaintiff, that no lights were upon the ditch in Washington Street near the place of the accident, on Friday night, the defendants seasonably objected, on the ground that it was stated on the part of the plaintiff and testified by her, and the evidence tended to show, that the accident took place on Saturday night; but the judge overruled the objection, and admitted the evidence, on the ground that the witnesses might be mistaken as to the day of the week they were testifying about, or there might be a mistake as to the day of the week when the accident occurred; and said that he should leave it to the jury to determine whether the night spoken of by the witnesses as Friday night was not in fact the night of the accident." It was afterwards admitted by both parties that the accident happened on Saturday, November 14; and the defendants asked the judge to instruct the jury that, as this was conceded, it was wholly immaterial, and they ought not to consider, whether there were lights on Friday night preceding or at any other time, at the place of the accident, and that " if the judge only admitted the testimony as to whether there were lights on Friday night, on the ground that it was not then agreed that the accident happened on Saturday night, but on either Friday or Saturday, and it was uncertain, at the time the evidence was admitted, whether the accident happened on Friday or Saturday; and if the jury believed that " certain witnesses " swore positively that they knew it was on Friday and not on Saturday, and the jury believed it was Friday and not Saturday, as to the time when they testified as to the lights, then all such evidence as to Friday

should be excluded and not regarded by the jury." The judge declined to give this instruction, but instead thereof instructed the jury that "the testimony of those witnesses who stated that there were no lights on the ditch at or near the place of the injury on Friday evening was to be excluded, unless the jury were satisfied, upon all the evidence in the case, that they were mistaken in the day of the week, and that in fact they were testifying of what they saw on the night of the accident."

*G. A. Somerby*, for the defendants.

*J. G. Abbott & J. D. Ball*, for the plaintiffs.

AMES, J. The town of Somerville, having been authorized by statute to construct an aqueduct for the supply of water to its inhabitants, had entered into a contract with Campbell for all the excavations that should become necessary for that purpose. These excavations were to be made in such streets and trenches as a committee of the town should from time to time direct, and were to be completed within a term of time limited by the contract. He on his part undertook to guard and light the trenches by night, for the protection of travellers; but it was not in the power of the town, and they probably did not intend, so to delegate the care of the streets to him as to relieve themselves from their general responsibility for their safety and convenience. Notwithstanding the fact that his contract included all the work that was to be done, he was the servant and agent of the town. He was working for the town, under direction from the town, given from time to time, as to the places where he should work; and the nature of the work was such as necessarily to interfere with and embarrass, to a greater or less extent, the free use of the streets. In contemplation of law, the excavation referred to in the declaration was made by the town itself; and therefore there was no occasion to prove that it had any notice, actual or constructive, of the condition of the street. There could be no occasion to notify the defendants of their own acts.

The defendants next contend that there is no sufficient evidence that the plaintiff herself was in the exercise of ordinary and reasonable care at the time of the accident, and that the jury should have been so instructed. It is too well settled to be now brought

in question, that there may be a state of things in the trial of a cause, in which it is the duty of the court either to instruct the jury that there is no evidence upon which the plaintiff is entitled to recover, or on which the other party can maintain his defence. Such a course of proceeding in a proper case is not an invasion of the province of the jury. The rule of law upon which it depends is simple and intelligible in itself, although, in the wide diversity of the cases in which it is discussed, there is some practical difficulty in its application, and perhaps some apparent conflict in the decisions upon the subject. Thus, upon this subject of negligence, it has been held as matter of law, that an attempt to cross a railroad train by going between two cars in motion, *Gahagan* v. *Boston & Lowell Railroad Co.* 1 Allen, 187 ; leaving a train of cars after it had started, *Lucas* v. *Taunton & New Bedford Railroad Co.* 6 Gray, 64 ; leaping from a train while in motion, *Gavett* v. *Manchester & Lawrence Railroad Co.* 16 Gray, 501 ; crossing a railroad track in front of an approaching train without looking up, *Butterfield* v. *Western Railroad Co.* 10 Allen, 532 ; *Wilds* v. *Hudson River Railroad Co.* 24 N. Y. 430 ; if without any reasonable excuse, are facts upon which the jury should be told that they cannot find that the party so conducting was in the exercise of due and reasonable care. But in all of these cases there was no dispute about the facts ; nothing material was left in doubt ; there was no question as to the credibility of witnesses ; and nothing was left to be inferred in the way of explanation or excuse. In such cases, the court may properly decide that no case is proved which could in law support a verdict for a plaintiff, and that the testimony furnishes nothing for the consideration of the jury. In *Denny* v. *Williams*, 5 Allen, 1, this court has said that it is not necessary, in order to apply the rule, that there should be absolutely no evidence, provided the *scintilla* of evidence be so slight that the court would feel bound to set aside any number of verdicts resting on no other foundation.

It is impossible to say that the case at bar falls within the rule. It is enough that the facts were in dispute ; there certainly was evidence tending to show that there were no lights at the opening

where the plaintiff fell; and whether there were any lights in the neighborhood, and if so, how near, and where, and whether they were sufficient to reach the spot where she fell, were all matters in controversy, upon which the jury alone could decide. Whether they have judged correctly as to the weight and sufficiency of the evidence, is not the question submitted for our determination.

As to the remaining point, concerning the admission of testimony to the effect that there were no lights there on Friday night, which was given before it had been made sure whether the accident happened on that or the next night, we think the defendants have no ground of exception. It was competent when received, and the jury were charged to give it no consideration unless the witnesses were in fact speaking of the identical night on which the accident happened. *Exceptions overruled.*