ALBERT B. BURDITT *vs.* INHABITANTS OF WINCHESTER.

Middlesex.    March 1, 1910. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, In use of highway.    *Way*, Public, Notice to municipality of existence of defect.

At the trial of an action under R. L. c. 51, § 18, against a town to recover for personal injuries caused by the plaintiff's running into a barrier in a highway while he was riding from his work to his home on a bicycle, there was evidence tending to show that the highway was open to public travel, that the accident happened at about seven o'clock in the evening of an October 2, that it was dark and that there were no lights at the place of the accident, that the barrier could not be seen until one was close upon it, and that when the plaintiff ran into the barrier he was travelling at the rate of about seven miles an hour. *Held*, that the question, whether the plaintiff was in the exercise of due care when he was injured, was for the jury.

In an action under R. L. c. 51, § 18, against a town by one, who while travelling upon a public highway received personal injuries by reason of his running into a barrier negligently left in the highway, if it appears that the barrier was so left by one who was engaged in the work of resurfacing the street under a superintendent of streets appointed by the town's selectmen pursuant to R. L. c. 25, §§ 85, 86, such negligent act of the employee must be deemed to have been the

town's own act, so that no further notice to the town of the existence of the defect need be proved.

In an action under R. L. c. 51, § 18, against a town by one, who while travelling upon a public highway received personal injuries by reason of his running into an unlighted barrier in the highway at about seven o'clock in the evening of an October 2, it appeared that the barrier had been used by employees of the defendant during the day to warn travellers that a steam roller was at work upon the street, that the workmen ceased work about two hours before the accident and that the barrier should then have been removed, that the street was a main thoroughfare of the town, was macadamized, was lighted with electric lights and had an electric railway upon it, that there were houses in the vicinity, and that the place of the accident was a mile and a half from the centre of the town. *Held,* that the jury would have been warranted in finding that the town authorities in the exercise of reasonable care should have known of the defect.

TORT under R. L. c. 51, § 18, for personal injuries alleged to have been caused by a defect in Washington Street in Winchester. Writ dated November 23, 1901.

The case was tried before *Pierce,* J. There was evidence tending to prove the following facts:

On October 2, 1901, employees of the superintendent of streets of the defendant were engaged in renewing a portion of the surface of Washington Street, a public way, near its junction with Forest Street, and were using a steam roller. It was the duty of one of the employees to put out, at a point two or three hundred feet from the place where the roller was at work, a wooden horse or barrier six to seven feet long against which leaned a sign notifying travellers upon the highway of the presence of the roller. It was the duty of this employee at night, when the roller was removed from the street, to remove this barrier or horse, and it was not intended that it should be left in the street either with or without lights upon it. The employees of the street department on that date discontinued their work at five o'clock in the afternoon, but through the negligence of the employee charged with the duty of removing it, this horse or barrier with the sign upon it was left standing in Washington Street. No evidence was offered to show that the superintendent or the selectmen or any one of them had any personal knowledge of the fact that this horse or barrier had been left in the street. The defendant produced evidence tending to show that it was so left without the knowledge or consent of any other person connected with the work. Two witnesses

called by the plaintiff, citizens of Winchester living near the
scene of the accident, testified that they saw the barrier in the
street after five o'clock and before the time of the accident, but
both of them testified that they gave no notice to any one of
this fact.

Shortly after seven o'clock the plaintiff, who was familiar
with the locality, was returning upon his bicycle to his home,
when he ran into the horse and was injured. The plaintiff
testified that it was dark at the time and that he was riding
at approximately seven miles an hour, that there were no lights
at the place of the accident and that the horse could not be
seen until he was close upon it.

The defendant at the time of the accident had not authorized
the election of road commissioners or surveyors of highways, but
the streets were repaired by a superintendent of streets appointed
by the selectmen of the town in accordance with the provisions
of R. L. c. 25, §§ 85, 86. The repairs in progress upon Washing-
ton Street were under the supervision and direction of the super-
intendent of streets in accordance with a vote of the selectmen,
and the expense thereof was paid out of the annual appropria-
tions made by the town for the repair of highways and bridges.
The men, including the employee through whose negligence the
horse or barrier was left in the street, were hired by the super-
intendent and were discharged by him.

The place where the accident occurred was about one hundred
and seventy-five feet south of the junction of Forest Street and
Washington Street at a point about a mile and a half from the
centre of Winchester. Washington Street was a main thor-
oughfare with a sidewalk and a street railway upon it, and
there were houses in the vicinity of the accident.

At the close of the evidence the defendant asked the presiding
judge to rule that upon all the evidence the plaintiff could not
recover. The judge refused so to rule, the jury found for the
plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*R. E. Joslin*, for the defendant.

*G. L. Mayberry & J. P. Wyman*, for the plaintiff.

MORTON, J. There was evidence warranting a finding that
the plaintiff was in the exercise of due care. The street was

open to travel, and the plaintiff was riding his bicyle at a moderate speed and had no reason to apprehend that there was any obstruction or defect in the highway. There was testimony to the effect that the horse could be seen one hundred and fifty feet away. But there was also testimony that it could not be seen until one was close to it. In this state of the evidence it plainly was for the jury to say whether the plaintiff in the exercise of due care should have seen the horse in time to avoid a collision with it.

It is not seriously contended that the unlighted horse did not constitute a defect in the way.

The jury were rightly instructed that the town would not be liable for negligence on the part of one of the men employed in making the repairs in failing to remove the horse or in leaving it unlighted, and that in order to hold the town liable it must have had notice of the defect in time to have enabled it in the exercise of reasonable care to remove it before the accident. But the town was doing the work through a superintendent appointed by its selectmen, pursuant to R. L. c. 25, §§ 85, 86, and through men employed by him. The town had therefore notice by its servants and agents of the manner in which the work was being done, and if, in the course of doing the work, any of its servants or agents caused a defect in the way, the town must be deemed to have had notice thereby of the defect so caused. The act must be regarded in such a case as having been the town's own act, and as such it needed no notice of it. *Brooks* v. *Somerville*, 106 Mass. 271. *Hinckley* v. *Somerset*, 145 Mass. 326, 337. *Stoddard* v. *Winchester*, 157 Mass. 567, 574. *Pratt* v. *Cohasset*, 177 Mass. 488, 490. *McCarthy* v. *Dedham*, 188 Mass. 204, 208.

Independently of that we do not think that it could have been ruled as matter of law that the selectmen or the superintendent should not in the exercise of reasonable care have known of the defect. The place of the accident was a mile and a half from the centre of the town, but the street was a main thoroughfare, macadamized, with an electric railway upon it and electric lights, and with houses in the vicinity; and apparently there was considerable travel over it. The fact that the horse was in use was or easily might have been known, and the jury may well have thought that although

the defect had existed but a short time, nevertheless in the exercise of proper precautions by inspection or otherwise, after the men had quit work at night, the fact that the horse was there and was unlighted would have been discovered ; in other words, that the town authorities, in the exercise of reasonable care should have known of the defect.

Under such circumstances it could not, as already observed, have been ruled as matter of law that the town was not liable. We see no error in the manner in which the trial was conducted.

*Exceptions overruled.*