MARY A. BROWN *vs.* TOWN OF WINTHROP.

SAME *vs.* EZEKIEL C. SARGENT.

Middlesex. November 12, 1929. — February 4, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Way*, Public: defect. *Negligence*, Contributory, Of contractor repairing street.

At the trial together of two actions of tort for personal injuries, respectively against a town and against a contractor with whom the town had made a contract for the widening of a street, there was evidence that the contractor commenced work and placed a barrier across the part of the street used for vehicular traffic, but not across the sidewalk on the side to be widened; that the plaintiff, while on his way to call at a house within the portion of the street which was being widened, noticed the barrier and that the street was under construction, but did not notice that the sidewalk was under construction; that, while he was returning from the house and walking on the sidewalk, he stepped on a place which looked "perfectly firm," but which "went down" and caused him to fall; that the hole into which he fell was a foot square and about eight or ten inches deep; that the curbstone at that point had been removed; and that the trench left thereby had been filled with gravel and covered with dirt, but "wasn't solid" and "wasn't tightened." There was no evidence that the defendant contractor had undertaken the work of repairing the sidewalk or of keeping it open and safe for travel. It appeared that the

selectmen had not voted to close the street; that proper notice of the time, place and cause of the plaintiff's injury was given to the town; that another contractor, over whom the defendant contractor had no supervision, had a contract with the town to remove the curbstone; and that the defendant contractor was required by his contract with the town to keep the sidewalk open and safe for travel at all times. The trial judge ordered a verdict for the defendant in each action. *Held*, that

(1) A finding was warranted that the plaintiff was not guilty of contributory negligence;

(2) A finding was warranted that the sidewalk was not reasonably safe for travel;

(3) The whole way not being closed to travel and it not being obvious to travellers that the sidewalk was under construction, the town was under a duty to see that the sidewalk was left reasonably safe for travel;

(4) The town was not relieved of such duty by having delegated it to the defendant contractor;

(5) It was error to order the verdict for the defendant in the action against the town;

(6) The defendant contractor not having undertaken the work of removing the curbstone or the duty to keep the sidewalk safe for travel, there was no evidence of negligence on his part;

(7) The plaintiff not being a party to the contract between the defendant contractor and the town, the provision therein requiring the defendant contractor to keep the sidewalk open and safe for travel did not aid the plaintiff;

(8) The verdict for the defendant properly was ordered in the action against the contractor.

Two ACTIONS OF TORT. Writs dated May 23, 1927.

Material evidence at the trial of the actions together in the Superior Court before *Sisk*, J., is stated in the opinion. The judge ordered a verdict for the defendant in each action. The plaintiff alleged exceptions.

*R. T. Bushnell*, for the plaintiff.

*R. B. Coulter*, for the defendants.

CARROLL, J. These actions of tort are against the town of Winthrop and one Sargent, a contractor, to recover for injuries sustained by the plaintiff in falling on the westerly sidewalk of Revere Street in Winthrop on October 3, 1926. In each case a verdict was directed for the defendant.

It appeared that the town of Winthrop made a contract with Sargent to widen Revere Street, which was a public way. There was no "formal vote of the selectmen . . . closing Revere Street." Sargent began work "after Labor

Day in September, 1926." Number 440 Revere Street is on the westerly side, and its location was opposite that part of the street which was to be widened in accordance with the contract.

The plaintiff testified as follows: On October 3, 1926, she was on her way with her grandson to see a Mrs. Buonomo; there was a barrier at the bridge at Revere Street with two red lights on it, and they walked into the street, "then they stepped up on the walk that led them on down to number 440." The house had been moved back. The plaintiff found no one at home and started to return. She was on the sidewalk when she fell. She stepped on a place which seemed to be "perfectly firm" and when she put her weight "into it, it went down and let her right forward." The hole was "a foot square and about eight or ten inches deep." She did not notice that the sidewalk was under construction, but did notice that the street was being repaired. As we understand the testimony of the plaintiff the barrier was on that portion of the street which had been used for vehicular travel, but it did not extend to the sidewalk.

There was further evidence that the wooden horse or barrier was "in the middle of the street" and "wasn't over the sidewalk"; that the hole into which the plaintiff fell was covered with dirt "but it wasn't tightened"; that the old curbstones had been removed leaving a trench, and the place where the plaintiff fell was at the point where the curbstone had been removed; that where the curbstone had been removed the hole had been filled with gravel but "it wasn't solid." It also appeared that a contractor other than Sargent had a contract with the town of Winthrop to remove the curbstones on the westerly side of Revere Street. The statutory notice of the time, place and cause of the accident was given to the defendant town.

There was evidence of the plaintiff's care; and there were facts for the consideration of the jury tending to show that the sidewalk was not reasonably safe for travel. The town knew that repair work was going on at the place of the accident, and the responsibility rested on it to see that

the way was reasonably safe. *Burt* v. *Boston,* 122 Mass. 223. *Campbell* v. *Boston,* 189 Mass. 7. *Stoliker* v. *Boston,* 204 Mass. 522. *Connelly* v. *Boston,* 206 Mass. 4. See *Brooks* v. *Somerville,* 106 Mass. 271, 274.

The duty of the town to keep the sidewalk reasonably safe for travel was not removed by delegating this duty to the contractor. *Brooks* v. *Somerville, supra. Stoliker* v. *Boston, supra.* There was evidence that the sidewalk was not closed for travel; that no work had been done on the sidewalk at the place of the accident except the removal of the curbstone; and it was not apparent that the sidewalk was under repair and not fit for travel. *Cody* v. *Boston,* 258 Mass. 267, *McCarthy* v. *Boston,* 266 Mass. 262, and similar cases, are not applicable.

We are unable to find any evidence of Sargent's negligence. He did not remove the curbstones; he did not undertake the duty of keeping the sidewalk safe for travel; and there was evidence that he had exercised no supervision over the contractor who did in fact remove the curbstones. For these reasons *Coles* v. *Boston & Maine Railroad,* 223 Mass. 408, is to be distinguished.

The plaintiff relies on a clause in the contract of the town with Sargent to the effect that Sargent was to keep the westerly sidewalk open and safe for travel at all times. But the plaintiff was not a party to this contract; and in the absence of evidence that Sargent had undertaken the work of repairing the sidewalk and keeping it open and safe for travel, see *Stoliker* v. *Boston, supra,* the plaintiff cannot recover against him merely because of his contract with the town. See *Davidson* v. *Nichols,* 11 Allen, 514, 517.

In *Brown* v. *Winthrop* the exceptions are sustained; in *Brown* v. *Sargent* they are overruled.

*So ordered.*