## Lucy C. Saunders vs. City of Medford.

Middlesex.   November 8, 1939. — November 29, 1939.

Present: Field, C.J., Donahue, Lummus, Dolan, & Ronan, JJ.

*Way,* Public: defect.

Evidence of the character of material in the bottom of a hole left by the absence of half a brick in the sidewalk of a busy city street and of the general appearance of the hole warranted findings that the hole had been there long enough so that the city knew of it or, in the exercise of reasonable care and diligence, should have known of it in season to repair the defect before a traveller was injured thereby, and should have taken precautions to avert such an accident.

Tort. Writ in the First District Court of Eastern Middlesex dated May 8, 1935.

Upon removal to the Superior Court, the action was tried before *F. T. Hammond,* J. There was a verdict for the plaintiff in the sum of $1,750.

*W. E. Fitzgerald,* for the plaintiff.

*G. E. Constantino,* City Solicitor, for the defendant, submitted a brief.

Ronan, J. The plaintiff, while walking at about six o'clock in the afternoon of October 13, 1934, along a brick sidewalk of a much travelled street located in the business district of the defendant city, caught her heel in a hole in the sidewalk and was thrown down. The hole was caused by the absence of one half of a brick. There was evidence that this hole was about one and one half inches deep; that the broken end of the brick had a "muddy look"; that "the material at the bottom of the hole consisted of rotten leaves and sweepings, rather firm in substance"; and that the general appearance of the hole indicated that it had been in that condition for some time prior to the accident. The jury returned a verdict for the plaintiff. The judge, upon leave reserved, subject to the plaintiff's exception ordered the entry of a verdict for the defendant. The plaintiff also

filed a motion for a new trial, without waiving her exception. Without passing upon this motion the judge reported the case for a determination of the question whether the evidence warranted a finding that the defendant knew or in the exercise of reasonable care and diligence, ought to have known of the alleged defect in season to remedy it, with the stipulation that if such a finding is not warranted, judgment is to be entered for the defendant, otherwise the case is to stand for a hearing on the motion for a new trial.

The only issue open upon this report is whether the evidence was sufficient to show that the city knew or in the exercise of proper care and diligence ought to have known of the defect in season to have remedied it before the occurrence of the accident to the plaintiff, or to have taken precautions to avert the accident. No other question is open. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379. *Gilbert* v. *Beacon Hill Credit Union,* 287 Mass. 433.

The location of the alleged defect in the sidewalk of a busy thoroughfare in a business district upon a late October afternoon, together with the evidence of its general appearance and the nature and condition of the deposit in the hole, presented a question of fact as to whether this situation had existed long enough for the city "by the exercise of proper care and diligence . . . [to] have . . . reasonable notice of the defect," and for the defect to "have been remedied by reasonable care and diligence on the part . . . of the city." G. L. (Ter. Ed.) c. 84, § 15. *Noyes* v. *Gardner,* 147 Mass. 505. *Welsh* v. *Amesbury,* 170 Mass. 437. *Comerford* v. *Boston,* 187 Mass. 564. *Cammett* v. *Haverhill,* 197 Mass. 76. *Burditt* v. *Winchester,* 205 Mass. 493. *Connelly* v. *Boston,* 206 Mass. 4. *Cook* v. *Boston,* 266 Mass. 159.

In accordance with the terms of the report, the case is to stand for hearing on the motion for a new trial which is now pending. *Fuller* v. *Andrew,* 230 Mass. 139. *Beauvais* v. *Springfield Institution for Savings,* 303 Mass. 136. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364.

*So ordered.*