DELIA SCHOLL & another vs. NEW ENGLAND POWER
SERVICE COMPANY
(and two companion cases[1]).

Worcester.    November 2, 1959. — January 12, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Use of way, Excavation, Contractor, Contributory, Dangerous
    work, Independent contractor.  *Way,* Public: excavation, defect.
    *Evidence,* Relevancy and materiality.

Evidence that a contractor excavated around a manhole in a city street
    undergoing resurfacing but not closed to travel, and placed no barriers
    or warnings at the excavation warranted a finding of negligence on
    the contractor's part toward a pedestrian who, while crossing the
    street and watching a traffic light, stepped into the excavation, fell
    and was injured, and it could not have been ruled that the pedestrian
    was not in the exercise of due care.  [270]
An electric company which "engaged" a contractor to raise a manhole in
    a street undergoing resurfacing to the street's new level could properly
    be found liable to a pedestrian, who stepped into an excavation dug by
    the contractor around the manhole, fell and was injured, for negligence
    of the contractor in failing to warn travellers of the excavation or to
    provide adequate barriers around it, irrespective of whether the con-
    tractor was the electric company's agent or was an independent con-
    tractor.  [270]
At the trial of an action by a pedestrian to recover for injuries sustained
    while crossing a street when she stepped into an excavation around a
    manhole in the street and fell, the plaintiff properly was permitted to
    draw on a blackboard a crosswalk across the street which she had not
    seen on the day of the accident but had previously observed.  [270]
A conclusion that a city was liable under G. L. c. 84, § 15, for injuries sus-
    tained by a pedestrian while crossing a street when she stepped into an
    excavation six inches wide and deep around a manhole in the street and
    fell would have been justified by evidence which warranted findings
    that the street was a busy thoroughfare in a central part of the city
    and was undergoing resurfacing by the city but was not closed to
    travel, that the city had requested an electric company to raise the
    manhole to the street's proposed new level and the electric company
    had "engaged" a contractor to do the work, that the contractor had

---

[1] The companion cases are by the same plaintiffs against Worcester County
Electric Company, and by Delia Scholl against the city of Worcester.

made the excavation as a necessary part of the work, and that no barriers or warnings were provided at the excavation, and which did not require a ruling that the condition of the street was so obvious as to constitute in itself a warning to the pedestrian or that negligence on her part contributed to her injuries. [270–272]

THREE ACTIONS OF TORT. Writs in the Superior Court, two dated June 11, 1957, and one dated June 2, 1958.

The actions were tried before *Noonan, J.*

*Francis H. George,* for the defendants New England Power Service Company and another.

*Harry J. Meleski,* City Solicitor, & Andrew F. McCarthy, Assistant City Solicitor, for the defendant city of Worcester, submitted a brief.

*Alphonse P. San Clemente,* for the plaintiffs.

WILLIAMS, J. These are three actions of tort by one Delia Scholl, hereinafter called the plaintiff, against the city of Worcester, Worcester County Electric Company, and New England Power Service Company to recover for personal injuries received by falling on Franklin Street, a public way in Worcester, on the afternoon of July 2, 1956. In the actions against the electric and power companies her husband, William Scholl, joins as plaintiff to recover for consequential damage. The cases were tried together.

Franklin Street runs from Main Street to Salem Street in a general easterly direction. It is bounded on the north by grounds of the City Hall and the Worcester Common. The plaintiff, sixty-five years of age, testified that she walked from a bus stop at Main and Franklin streets through the Common to a point on Franklin Street opposite Portland Street which intersects Franklin Street from the south. Traffic on both streets was stopped and the traffic light at Portland Street was green. She started to cross Franklin Street toward a drug store at the corner of Portland Street and had walked six or eight feet into the street, watching the traffic light, when she stepped into a hole in the street, fell and was injured. The hole consisted of a circular excavation six inches wide and deep around a manhole. She saw no signs, lights or sawhorses.

There was evidence that at the time the plaintiff was injured the city was resurfacing Franklin Street. The work began about June 19 and was completed on July 8. Having laid a base course of stones mixed with asphalt the city requested the defendant electric company to raise the manholes in the street to conform in height to the proposed new level. The electric company "engaged" the defendant power company, a "contracting organization," to do the work. The power company dug around the manholes to a depth of a foot in order to raise the "castings" and after raising them put on cold patches sloping up to the manhole frames. One of the manholes was in Franklin Street on a line with the easterly or southeasterly boundary of Portland Street. There was evidence that the manholes were raised on June 25 and 26 and other evidence that the raising took place between July 1 and July 8. Although in her declarations the plaintiff alleged that her accident occurred on July 2, she testified that it was in July without specifying any day. Whatever were the exact dates when the excavations around the manholes were made and the plaintiff fell, it could be found that she stepped into the excavation which had been dug by the power company around the manhole opposite Portland Street.

It appeared that during the resurfacing Franklin Street was not closed to travel but that signs were maintained on horses at the intersections of Main, Portland and Salem streets reading, "Street under construction — Pass at your own risk — Bureau of Streets." In respect to guards around the manhole excavations the only testimony was that "they customarily put horses on both sides of the dug out area, most of the time, four horses."

Motions of the electric and power companies for directed verdicts in their favor were denied subject to their respective exceptions and the jury returned verdicts for the plaintiff in like amounts. A motion by the city for a directed verdict was allowed and the plaintiff excepted. The cases are here on a consolidated bill of exceptions setting forth these exceptions and, in the cases against the electric and power

companies, exceptions by them to the admission of certain evidence and to the judge's charge.

The case against the power company was rightly submitted to the jury. From the testimony of the plaintiff that she saw no lights, signs or sawhorses at the place where she fell it could be found that none was there and that the power company was negligent in failing to warn travellers of the excavation or to provide adequate barriers around it. See *Cipollone* v. *D'Alessandro-Crognale, Inc.* 333 Mass. 469, 473. It could not have been ruled that the plaintiff was not in the exercise of due care. See *O'Neil* v. *Chelsea,* 208 Mass. 307, 308–309, and cases cited.

There was no error in refusing to direct a verdict for the electric company. If the power company were its agent it would be liable for its agent's negligent acts in performing work which it had authorized. If the power company was an independent contractor as the evidence tended to show, the work contracted for was of such a nature that the electric company was responsible for its negligent performance. "[W]here the work to be performed necessarily will cause injury to others unless precautions are taken to protect them from the consequences of such work, the employer is liable for the negligence of an independent contractor." *McGinley* v. *Edison Elec. Illuminating Co. of Boston,* 248 Mass. 583, 586. The defendant companies excepted to a ruling that the plaintiff might use a blackboard to draw a crosswalk across Franklin Street to the corner of Portland Street which she had previously observed but did not see on the day of the accident. Her testimony as to the usual presence of a crosswalk and a sketch of its location on the blackboard were admissible as tending to show the place where pedestrians were expected to cross Franklin Street. The exception of the two companies to the charge is without merit and requires no discussion.

The judge should not have directed a verdict for the city. The liability of a municipality under G. L. c. 84, § 15, for an injury to a traveller sustained by reason of a defect in a way attaches, although the defect arises in the course of re-

pairing the way, unless it has been closed to travel or "other sufficient means taken to caution the public against entering" it. The statutory obligation of the city to keep Franklin Street safe and convenient for public use could not be delegated to the electric or the power company. *Merrill* v. *Wilbraham*, 11 Gray, 154. *Brooks* v. *Somerville*, 106 Mass. 271, 274. *Torphy* v. *Fall River*, 188 Mass. 310, 312. An excavation of the character described having been opened in the street the city was obligated to provide warning signs or barriers and to take reasonable care for their maintenance. *Winship* v. *Boston*, 201 Mass. 273, 275. *Morrison* v. *Quincy Mkt. Cold Storage & Warehouse Co.* 323 Mass. 536, 540–541. It could not have been ruled that the conditions of the street were so obvious that in themselves they were sufficient to warn the plaintiff of the repair work even if there were no signs or barriers. *Cragg* v. *Boston*, 311 Mass. 547, 548–549, and cases cited. The excavation appears to have been constructively the act of the city (*Brooks* v. *Somerville*, *supra*, p. 274) but if notice of its existence and the absence of proper guards were material to the city's liability it could be found from the circumstances that the city had or should have had such notice. The excavation was a necessary part of the work requested. It was in a busy thoroughfare in a central part of the city and was obvious to the city officials engaged in resurfacing the street. See *Hinckley* v. *Somerset*, 145 Mass. 326, 337; *Burditt* v. *Winchester*, 205 Mass. 493, 496; *Connelly* v. *Boston*, 206 Mass. 4, 6; *Stoliker* v. *Boston*, 204 Mass. 522, 537. It is settled that to recover against a municipality for injuries caused by a defect in a way it must appear that the defect was the sole cause of the injuries. It is a rule which can be invoked by a defendant where the negligent conduct of the plaintiff or the intervening wrongful act of a third person combines with the defect to cause the injuries. *Rowell* v. *Lowell*, 7 Gray, 100. *Block* v. *Worcester*, 186 Mass. 526, 528. *Igo* v. *Cambridge*, 208 Mass. 571. *Howe* v. *Boston*, 311 Mass. 278, 280–281. *Carroll* v. *Lowell*, 321 Mass. 98, 100.

It does not, however, serve to relieve the municipality

from liability if the act of the third person relied upon is that of creating or contributing to create the defect. In such case it is responsible because of failure to abate the defect "by whomsoever created." *Bourget* v. *Cambridge,* 159 Mass. 388, 390. *Hayes* v. *Hyde Park,* 153 Mass. 514, 516. *Connelly* v. *Boston, supra,* p. 6. See *Whalen* v. *Boston,* 304 Mass. 126, 128. It was for the jury to determine whether the defect in Franklin Street was the sole cause of the plaintiff's injuries.

> *Exceptions of Worcester County Electric Company overruled.*
> *Exceptions of New England Power Service Company overruled.*
> *Exceptions of the plaintiff sustained.*