Brassard, J.
On June 5, 2001, this matter was before the court for hearing on the defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). The defendant argues that Massachusetts’s Public Way Defect Statute, G.L.c. 84, §15, is the plaintiffs exclusive remedy, and thus, the plaintiffs claims alleging negligence (Count I) and nuisance (Count II) must be dismissed for failure to plead statutory notice and for failure to plead that the defendant was the sole cause of the harm. In opposition, the plaintiff argues that notice was properly given, and that any omission in the complaint can be remedied by amendment. The *529 plaintiff further contends that the “sole cause rule” addresses an issue of causation and thus, should not be considered in a 12(b)(6) motion. For the following reasons, the defendant’s motion to dismiss is ALLOWED in part and DENIED in part.

BACKGROUND

The complaint alleges the following facts.
The defendant, the City of Everett (“Everett”), owned, controlled, maintained, and/or managed the sidewalk on Corey Street (the “sidewalk”) adjacent to the rear of the property owned by Norwood Street, LLC (“Norwood”) in Everett, Massachusetts. The sidewalk was a common walkway. During the time period in which Everett maintained the sidewalk, a defective condition created a large crack in the sidewalk, creating a danger to the plaintiff, Olympia Stratis (“Stratis”), as well as to other pedestrians. Everett failed to repair the sidewalk.
During the same time period, Norwood managed property abutting the sidewalk. During 1997 through 1999, Norwood began construction work to the apartments located on the property. Rather than installing a driveway to the rear of the building where the sidewalk was located, Norwood allowed the construction contractors to park to the rear of the building. Thus, the contractors had to drive over the sidewalk and/or park upon the sidewalk. Around this time, Norwood also contracted with Browning-Ferris Industries, Inc. (“BFI”), to provide a dumpster at the rear of the property site near the sidewalk. BFI regularly emptied the dumpster. BFI’s disposal truck drove over the sidewalk to empty the dumpster, and the truck’s weight caused a crack in the sidewalk.
On or about December 8, 1999, Stratis was walking upon the sidewalk on Corey Street and tripped and fell on a crack. The fall caused Stratis severe bodily injuries, mental anguish, and rendered her unable to pursue her usual activities for a long period. Stratis also incurred medical expenses.
On March 9, 2001 Stratis filed her complaint and demand for jury trial alleging claims of negligence (Count I) and nuisance (Count II) against Everett, negligence against Norwood (Count III), and negligence against BFI (Count IV). Everett filed the present motion to dismiss Counts I and II on April 26, 2001.

DISCUSSION

When considering a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the factual allegations of the complaint are considered true and all inferences are drawn in the plaintiffs favor. See General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). The complaint should not be dismissed for failure to state a claim “unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). A “complaint is not subject to dismissal if it could support relief under any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Massachusetts does not require a complaint to state the correct substantive theory of the case. See Gallant v. City of Worcester, 383 Mass. 707, 709 (1981).
A. Sole Cause Rule
As a threshold matter, Everett argues that the common law based “sole cause rule” bars all negligence claims against it. Stratis contends that because the “sole cause rule” is based on principles of causation and implicates factual issues, its application in a 12(b)(6) motion is inappropriate. A “municipality may be liable for injuries resulting from a defect in a way only if the defect was the sole cause of the injuries; if either a plaintiffs negligent conduct or the wrongful conduct of a third person is also a cause of the injuries, that circumstance bars recovery against the municipality.” Tomasello v. Commonwealth, 398 Mass. 284, 286 (1986).
The sole cause rule is based upon principles of causation. See Tomasello, 398 Mass. 298. Although the plaintiff pleads multiple causes, this does not itself provide grounds to dismiss. the complaint against Everett. In Scholl the plaintiff walking on a public way stepped into a hole in the street and was injured. See Scholl v. New England Power Service Company, 340 Mass. 267, 268 (1960). The street in question was being resurfaced by the city and utility companies were also involved with the work. See Scholl at 268-69. The Supreme Judicial Court determined that even though the plaintiff alleged that multiple defendants were the cause of her injuries, it was inappropriate to direct verdict for the city when a jury could find that the defect in the way and the city’s failure to abate that defect were the sole cause of the plaintiffs injuries. See Scholl at 270-72. The sole cause rule “does not. . . serve to relieve the municipality from liability if the act of the third party relied upon is that of creating or contributing to create the defect.” Scholl at 271-72. “In such case [the municipality may be] responsible because of failure to abate the defect” regardless of who created it. Scholl at 272. As such, the determination of whether Everett was the cause of Stratis’ injury from the crack in the sidewalk or whether the other defendants were partially or wholly responsible, is an issue more appropriate for a trier of fact. The “sole cause rule” does not require dismissal of Counts I & II.
B. COUNT I: NEGLIGENCE
Everett argues that Stratis’ exclusive remedy for her injuries is Massachusetts’s Public Way Defect Statute, G.L.c. 84, §15, and therefore her claim alleging common law negligence must be dismissed. Specifically, Everett argues that Stratis has failed to properly plead the giving of written notice as required under G.L.c. 84, §18. In opposition, Stratis argues that notice was *530 properly sent and received by Everett on January 5, 2000, within thirty days of the injury and that the omission from her complaint maybe corrected by filing an amended complaint.
Under G.L.c. 84, §15, “[i]f a person sustains bodily injury... by reason of a defect or a want of repair . . . upon a way and such injury . . . might have been prevented, or such a defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the proper exercise of proper care or diligence, might have had a reasonable notice of the defect or want of repair . . . recover damages therefore from such county, city, town or person[.]” Under G.L.c. 84, §18 “[a] person so injured shall within thirty days thereafter, give to the country, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage.” It is well settled that G.L.c. 84, §15 is the exclusive remedy against a municipality for injuries incurred on a public way, and thus there is no right of action available for a common law negligence claim. See Wolf v. Boston Water and Sewer Comm’n, 408 Mass. 490, 492 (1990). Farrell v. Boston Water and Sewer Comm’n, 24 Mass.App.Ct. 583, 587 (1987). For purposes of G.L.c. 84, defects are generally construed “to be anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. City of Worcester, 383 Mass. 707, 711 (1981); see also Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174 (1940).
In this action, the court finds that Stratis’ complaint sufficiently states each of the separate elements for a cause of action under G.L.c. 84: a public way, a defect, and notice thereof. See Gallant v. City of Worcester, 383 Mass. 707, 710 (1981). The complaint alleges that on December 8, 1999, Stratis was walking up Corey Street and tripped on a crack in the sidewalk, owned and managed by the City of Everett. Moreover, the parties agree that Stratis timely sent, and that Everett received, notice of the accident on January 1, 2000. Because notice was sent within the required thirty-day period pursuant to G.L.c. 84, §18, the court grants Stratis leave to amend her complaint to plead proper service of notice.
Everett’s motion to dismiss Count I is therefore DENIED.
C. COUNT II: NUISANCE
Everett argues Count II alleging nuisance is barred because it falls outside of the exclusive remedy provided under G.L.c. 84. According to Stratis, although G.L.c. 84, §15 limits her recovery to $5,000.00, it does not bar her nuisance claim.
It is well-settled that G.L.c. 84, §15 “does not give a right of action based upon the existence of a nuisance as distinguished from a defect.” See Whalen v. Worcester Electric Light Co., 307 Mass. 169, 704 (1960). Rather, the statute clearly manifests an intent that a traveler who is injured as a result of a municipality's breach of its statutory obligation to keep the ways “reasonably safe and convenient for travelers,” has no other remedy against the municipality. See Whalen at 704. Thus, G.L.c. 84, §15 precludes Stratis’ nuisance claim, and Everett’s motion to dismiss Count II is ALLOWED.

ORDER

For the foregoing reasons, Everett’s motion to dismiss is DENIED as to Count I and ALLOWED as to Count II. Stratis’ motion to amend the complaint is ALLOWED.