## SUSIE G. WINSHIP *vs.* CITY OF BOSTON.

Middlesex.    January 13, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Way,* Defect in highway.    *Negligence,* In use of highway.

Knowledge that the sidewalk of a street is undergoing repairs and that walking there requires unusual care does not as matter of law show negligence on the part of a traveller who is injured in walking upon that part of the sidewalk, if no portion of the street is closed to travel and there is no rope or barrier to prevent travellers from passing over the defective portion of the sidewalk.

Where a city undertakes to make repairs upon a highway without closing it, it is its duty to warn travellers, by erecting and maintaining sufficient barriers or posting notices or by other means, that the part of the way undergoing repairs has been withdrawn from the use of the public.

In an action against a city for injuries sustained by reason of an alleged defect in the sidewalk of a highway of the defendant, if there is evidence that the plaintiff fell and was injured on stumbling at a place where bricks had been removed from a portion of the sidewalk in making repairs, that the bricks had been out of place for at least two days, that at the time of the accident there was no barrier or notice to prevent travellers from walking upon this portion of the sidewalk and that a rope enclosing the portion under repair had been put up and kept in position until about an hour before the accident, when it had been removed, there is evidence for the jury of the existence of a defect in the highway and that the defendant knew or by the exercise of reasonable diligence should have known of the defect.

TORT for personal injuries sustained by reason of an alleged defect in a sidewalk of Boylston Street, a public highway in Boston, on November 27, 1905. Writ dated February 24, 1906.

In the Superior Court the case was tried before *Lawton,* J. There was evidence tending to show that the sidewalk at the place of the alleged defect was about seven feet wide and was made of brick with the usual curbstone next to the roadway; that a part of the sidewalk adjoining the curbstone was torn up for a width

of about eighteen inches, leaving the width of the part of the sidewalk bricked over about five and one half feet; that there was no rope or barrier at the time of the accident and nothing to protect the public from falling into, or stumbling over, the open space, and that the street had not been closed to public travel.

It appeared in evidence that the plaintiff left her home at Winter Hill in Somerville at about one o'clock; that she left the elevated railway at the Boylston Street station, crossed Tremont Street and went down Boylston Street on the left hand side; that, as she came to Head Place, she noticed that the sidewalk was out of its normal condition; that she said to her daughter, who accompanied her, "You have got to look out here and not meet with any accident"; that she saw that the street was in confusion, and that the sidewalk at the corner of Head Place and Boylston Street was not all built out; that, when she turned into Boylston Street from Tremont Street, she noticed that they were repairing Boylston Street; that she did not notice what they were doing in the street; that she smelled tar; that she had crossed Head Place and had taken not more than two steps when her foot caught on some bricks there, and as she stepped on the bricks they turned over and she went down before her daughter could get hold of her.

On cross-examination, the plaintiff, among other things, testified that after the accident she was taken into a store in front of which she had fallen, and a girl there helped take care of her; that she told the girl how the accident happened; that she fell into that little place outside there, and the girl said, "Well, that was all roped off Saturday and Sunday," and that the girl also said that they had "taken the ropes down only about an hour ago." It did not appear that the defendant objected to this answer.

Other material evidence is described or referred to in the opinion. At the close of the evidence, the judge ruled that the plaintiff could not recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*A. A. Gleason,* for the plaintiff.

*G. A. Flynn,* for the defendant.

BRALEY, J. The original notice required by R. L. c. 51, § 22, did not fully state the place and cause of the plaintiff's

injury, but the supplemental statement in reply to the defendant's request for further particulars, either cured the omission, or the jury could have found that in giving the notice there was no intention to mislead and that in fact the defendant was not thereby misled. *Canterbury* v. *Boston*, 141 Mass. 215. *Norwood* v. *Somerville*, 159 Mass. 105. *Carberry* v. *Sharon*, 166 Mass. 32.

The previous knowledge of the plaintiff of the condition of the sidewalk which was in process of repair, while evidence for the consideration of the jury on the question of her due care, cannot be said as matter of law to constitute negligence. *Torphy* v. *Fall River*, 188 Mass. 310. *Campbell* v. *Boston*, 189 Mass. 7. *Hennessey* v. *Taylor*, 189 Mass. 583, 586. *Thompson* v. *Bolton*, 197 Mass. 311, 313. *Gallagher* v. *Watertown*, 197 Mass. 467.

It is the defendant's further contention, that there was no evidence of its negligence, even if it was required to exercise reasonable diligence to maintain the street in a reasonably safe condition for the use of travellers. *Hyde* v. *Boston*, 186 Mass. 115, 118. *Mason* v. *Winthrop*, 196 Mass. 18. A part of the sidewalk was being repaired, but the entire street had not been closed to public travel. While the public ways cannot properly be maintained without frequent repairs, which cannot be classed as defects, yet ordinarily when in process, they may render the way defective and unsafe if left open to travellers. *Pratt* v. *Cohasset*, 177 Mass. 488. In undertaking the work without closing the street, it became the defendant's duty, by either erecting and maintaining a sufficient barrier or posting notices or providing some other suitable means, to warn travellers that this part of the sidewalk had been withdrawn from the use of the public. *Jones* v. *Collins*, 188 Mass. 53. *MacFarlane* v. *Boston Elevated Railway*, 194 Mass. 183, 185.

The jury could find on the evidence, that for a period of at least two days the bricks had been out of place, leaving an open space where the plaintiff fell, and that a rope enclosing the portion under repair had been put up and kept in position until about an hour before the accident, when it had been removed. If they reached this conclusion, then, at the time the plaintiff was injured, the defendant was engaged in repairing a public

way which was left open to passing pedestrians without giving any warning that because of its condition the sidewalk at this point was unsafe and dangerous. The defendant relies on *Compton* v. *Revere*, 179 Mass. 413, but there is a material difference in the use of a public way under the circumstances of the case at bar and the use of a street in process of construction, which the traveller knows is not graded nor fitted for public travel.

If the street was found to have been defective, there was evidence that the defendant knew, or in the exercise of reasonable diligence should have known, of the defect. *Bingham* v. *Boston* 161 Mass. 3. *Campbell* v. *Boston*, 189 Mass. 7. *Harrigan* v. *Worcester*, 198 Mass. 354.

*Exceptions sustained.*