Nellie Agnew *vs.* Samuel Franks & another.

Essex.    March 2, 1926. — May 25, 1926.

Present: Crosby, Pierce, Carroll, & Wait, JJ.

*Negligence,* In obstructing public sidewalk, Contributory.    *Evidence,* Presumptions and burden of proof, Relevancy and materiality.

At the trial of an action for personal injuries resulting to the plaintiff when she tripped and fell on a public way by reason of wire alleged negligently to have been caused by the defendant to be on the way, there was evidence that the accident happened at nine o'clock in the dusk of an August evening, that the plaintiff lived in the next building to the junk yard and knew that junk often was on the sidewalk; that she did not see the piece of wire which tripped her, though she could have seen it if she had looked at it; and that she was watching carefully but did not look at that.    *Held,* that

(1) The mere fact that the plaintiff knew that junk often was on the sidewalk did not of itself establish contributory negligence on her part;

(2) A finding of contributory negligence on the part of the plaintiff was not required as a matter of law.

At the trial above described, there was evidence that teams in the presence of the defendant habitually carried junk over the sidewalk through a place where a fence enclosing the junk yard was cut down for the purpose; that the fence leaned at the top six inches or more over the sidewalk; that piles of junk rested against and overtopped the fence; that dangling masses of wire hung from its top; that, at the time of the accident, "the sidewalk was scattered with junk"; that the next day when the plaintiff called the attention of the defendant to what had happened "from your careless leaving junk on the sidewalk, after you close your place of business," he laughed at her, and, later, said, "I can't help my men if they leave junk on the sidewalk."    No single item in the evidence proved the time at which the wire arrived on the spot, or where it came from, or who put it there, or what, if anything, the defendant or any servant or agent knew about it.    *Held,* that the evidence without resort to surmise or conjecture warranted a finding of negligence on the part of the defendant.

At the trial above described, evidence tending to show the condition of the fence and of the sidewalk was material and properly was admitted.

Tort for personal injuries received in a fall upon a sidewalk in Lawrence caused by tripping on wire which was alleged to have been there by reason of negligence of the defendants.    Writ dated August 17, 1920.

In the Superior Court, the action was tried before *Green-halge,* J. Material evidence and rulings at the trial are described in the opinion. There was a verdict for the plaintiff in the sum of $753. The judge reported the action to this court on the terms described in the opinion.

*J. J. Sullivan,* for the defendants.

*H. F. Collins,* for the plaintiff.

WAIT, J. The plaintiff was walking along the sidewalk of Chandler Street in Lawrence, in front of the premises of the defendants, at nine o'clock in the dusk of an August evening, when she caught her foot in a tangled bunch of wire and was thrown to the ground. She brought suit for damages, and alleged that the defendants conduct a junk business at the place of the accident, and in person or by their agents or servants "piled junk, tangled wire or hoops upon the sidewalk in front of said premises and improperly and negligently allowed the same to remain there" and that while she was walking on the sidewalk in the exercise of due care "she stumbled over, fell and was entangled in said junk, tangled wire or hoops which the defendants negligently placed or allowed to be there."

The defendants saved exceptions to the admission of certain testimony, and to the refusal of the judge to order a verdict in their favor. The case is before us upon a report with a stipulation that, if there was any evidence to be submitted to the jury on the issues of due care and negligence, the verdict for the plaintiff is to stand unless the rulings on evidence were improper, in which case there is to be a new trial; that if the verdict should have been directed for the defendants because, as matter of law, the plaintiff was not in the exercise of due care, or because there was no evidence upon which the jury could properly find the defendants negligent, a verdict is to be entered for the defendants.

It could not have been ruled as matter of law that the plaintiff was not in the exercise of due care. She testified that she lived in the next building to the junk yard and knew that junk was often on the sidewalk; that she did not see the piece of wire which tripped her, though she could have seen it if she had looked at it; and that she was watching carefully,

but did not look at that. The fact that the injured person knows of the existence of the defective condition in consequence of which he suffers, does not of itself establish lack of due care. *McGuinness* v. *Worcester*, 160 Mass. 272. *Linnehan* v. *Sampson*, 126 Mass. 506, 512.

There was evidence that teams in the presence of one or other of the defendants habitually unloaded junk over the sidewalk through a place where the fence — which shut in the junk yard — was cut down for the purpose; that the fence leaned at the top six inches or more over the sidewalk; that piles of junk rested against and overtopped the fence; that dangling masses of wire hung from its top; that, at the time of the accident, "the sidewalk was scattered with junk"; that the next day when the plaintiff called the attention of one of the defendants to what had happened "from your careless leaving junk on the sidewalk, after you close your place of business," he laughed at her, and, later, said "I can't help my men if they leave junk on the sidewalk."

No single item in the evidence proved the time at which the wire arrived on the spot, or where it came from, or who put it there, or what, if anything, the defendants or any of their servants or agents knew about it; but as a whole the testimony pictured a situation from which the jury might infer that the defendants knew that wire was likely to drop from their overhanging piles, or to be thrown carelessly upon the sidewalk by unloading teamsters in the course of that very afternoon, and that they failed to see that it was cleared away or rendered safe. This could be found to be negligent.

It is true that the plaintiff must show by evidence a greater likelihood that her injury came from an act of negligence for which the defendants are responsible than from a cause for which they are not liable, *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 348; but here the evidence goes beyond mere surmise and conjecture.

*Sanborn* v. *McKeagney*, 229 Mass. 300, and *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183, cited by the defendants, do not establish that the defendants here had no duty to keep the sidewalk clear. In those cases the dangerous objects were put on the sidewalks by others than the defendants.

Here the defendants, if they cluttered the sidewalk in carrying on their business, were in duty bound to clear it again, or to use the care of prudent men to prevent injury, from obstructions, to others rightfully using the sidewalk.

Nor do *Sweatland* v. *Springfield Public Market, Inc.* 247 Mass. 268, *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, *Downing* v. *Jordan Marsh Co.* 234 Mass. 159, or *Towne* v. *Waltham Watch Co.* 247 Mass. 390, the only other authorities cited by the defendants, control. In none of them did the evidence show such cause on the part of the defendants to know of a dangerous condition or such strong probability of fault.

There is nothing in the contention that the evidence objected to was admitted wrongly. The condition of the fence and of the sidewalk was material to an understanding of the place and the circumstances surrounding the accident. *Daniels* v. *Lowell*, 139 Mass. 56. *Neal* v. *Boston*, 160 Mass. 518.

The rulings of the judge were correct; and, in accord with the stipulation, the order must be

*Verdict to stand.*