ELIZABETH CONLY vs. ARTHUR W. JOSLIN & another.

Suffolk. December 4, 1929. — December 4, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Assumption of risk, Contributory, In use of way.

Evidence, at the trial of an action of tort for personal injuries sustained when the plaintiff, a traveller on a sidewalk, caught his wrist on a ragged end of a wire fence protruding several inches over the sidewalk adjacent to land occupied by the defendant, that the plaintiff had known of the presence of the protruding wire for a long time and had been there several months previously with another person whose coat had been caught on it, did not warrant a ruling as a matter of law that the plaintiff had assumed the risk of his injury or was guilty of contributory negligence.

TORT for personal injuries. Writ dated May 5, 1927.

At the trial in the Superior Court before *Walsh*, J., there was evidence that formerly there had been a wire fence around two sides of a lot occupied by the defendants at the corner of two streets; that the fence had been removed along one of the streets, so that it ended at a post at the corner; that that post was bent out over the sidewalk; that a ragged end of the wire protruded seven or eight inches over the sidewalk; and that the plaintiff, who had known of the presence of the protruding wire for a long time and had been there several months previously with another person whose coat had been caught on it, caught her wrist on the end of the wire when on her way after her grandson, who had strayed onto that street. The judge refused to order a verdict for the defendants. The jury found for the plaintiff in the sum of $1,500, and the defendants alleged exceptions.

*R. B. Heavens*, for the defendants.

*J. P. Walsh*, for the plaintiff.

BY THE COURT. The plaintiff was injured by reason of a wire extending over a public sidewalk from land occupied by the defendants. She had known of the position of the

wire for several months. On her way for a young grand-child who had strayed upon the public street she came in contact with the wire and was injured. The plaintiff by her knowledge of the wire was not precluded from recovery on the ground of assumption of risk or of want of due care. The case was rightly submitted to the jury. It is covered in every particular by *Agnew* v. *Franks*, 255 Mass. 539.

*Exceptions overruled.*