## EDNA A. SLACK *vs.* CITY OF BOSTON.

Suffolk.   January 19, 1931. — April 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Way,* Public: defect.   *Negligence,* Contributory.

A woman, in walking to a certain district in a city, chose to go by way of a public street overflowed in part by water from a heavy shower although there were other ways free from water which she might have used, and fell twice in two holes in the way, which were covered by the water, one of which she had noticed a few days before. Others had noticed the holes two or three days before. They were eighteen inches long and two feet wide, and from four to eight inches deep. In an action against the city under G. L. c. 84, § 15, it was *held,* that

(1) There was evidence of a hole large enough to create a defect in the highway, which had been there so long that, in the exercise

of proper care and diligence, the city might be found to have had reasonable notice of it;

(2) The fact that the hole was concealed by the water at the moment of the accident was immaterial on the issue of the city's diligence;

(3) It could not properly be said that, as matter of law, the plaintiff contributed to her accident by a lack of due care for her own safety;

(4) A verdict for the plaintiff was warranted.

TORT under G. L. c. 84, § 15. Writ dated January 4, 1928.

In the Superior Court, the action was tried before *Greenhalge*, J. Material evidence is stated in the opinion. A verdict for the plaintiff in the sum of $1,600 was recorded with leave reserved under G. L. c. 231, § 120. Thereafter the judge ordered a verdict entered for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*J. A. Campbell*, Assistant Corporation Counsel, for the defendant.

*W. P. Higgins & J. W. King*, for the plaintiff.

WAIT, J. The principles of law applicable here are so familiar that citation of authority is needless. The plaintiff was injured while travelling on Farnham Street, admitted to be a public way which the city of Boston is by law required to keep reasonably safe for travel. She was going from her home to visit a brother at a nearby hospital; and chose to go along Farnham Street, which was overflowed in part by water from a heavy shower, although there were other ways free from water which she might have used. While picking her way between the edge of the water upon the flooded sidewalk and the side of a building, the earth gave way under her and she fell into a hole hidden by the water. Scrambling to her feet on the curb of a driveway, brushing herself and going on, she fell again up to her waist in a hole in the driveway within the limits of the street. This hole also was hidden by the water. She herself, a few days before, had noticed at this place a hole in the driveway about four inches deep, eighteen inches wide and eighteen inches long. A witness testified that two or three days before the accident he had observed two holes, one in the sidewalk

and one in the driveway on either side of the curbstone, about eighteen inches wide, two feet long parallel with the street, and from six to eight inches deep. He had assisted the plaintiff to rise from her fall into this hole. The day after the accident a policeman saw a horse and lantern at this place, and a hole about two feet deep by eighteen inches wide. The city admitted that it had received sufficient notice, duly served within the legal period, of the time, place and cause of the accident.

Here, then, there was evidence of a hole large enough to create a defect in the highway, which had been there so long that, in the exercise of proper care and diligence, the city might have had reasonable notice of it. G. L. c. 84, § 15. That it was concealed by the water at the moment of the accident is immaterial on the issue of the city's diligence. It cannot properly be said that, as matter of law, the plaintiff contributed to her accident by a lack of due care for her own safety. Her knowledge of the existence of the defect is not fatal. *Conly* v. *Joslin,* 269 Mass. 378. *Agnew* v. *Franks,* 255 Mass. 539. *McGuinness* v. *Worcester,* 160 Mass. 272. She was not bound to take a different way when she observed water in Farnham Street. *Winship* v. *Boston,* 201 Mass. 273.

The defendant was not entitled to a directed verdict in its favor. Pursuant to the terms of the report the order will be

*Judgment for the plaintiff in $1,600, with costs.*