JOSEPH HENRI BARTON *vs.* CITY OF BOSTON.

Suffolk.    October 4, 1938. — November 29, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Contributory, In use of way. *Way,* Public: defect.

That a pedestrian was familiar with a rut in a crosswalk of a public way into which he fell and was injured, and that by turning a few steps to his right he could have avoided it, did not require a ruling that he was guilty of negligence which contributed to his injuries and prevented recovery therefor under G. L. (Ter. Ed.) c. 84, § 15.

TORT. Writ in the Superior Court dated December 23, 1932.

Before *F. T. Hammond*, J., a verdict for the plaintiff in the sum of $1,200 was returned. The defendant alleged excep-tions.

*R. H. Hopkins*, Assistant Corporation Counsel, for the defendant.

*F. G. Katzmann, J. H. Vahey, & M. J. Dray,* for the plaintiff, submitted a brief.

Dolan, J. This is an action of tort brought under G. L. (Ter. Ed.) c. 84, § 15, to recover compensation for personal injuries, sustained by the plaintiff in a fall, alleged to have been caused by a defective condition of the crosswalk on the westerly side of Davison Street at the intersection of Way Street in the city of Boston. The case was tried to a jury which returned a verdict for the plaintiff, and now comes before us on the defendant's exception to the denial of its motion for a directed verdict, all other exceptions of the defendant having been expressly waived.

There was evidence that the sidewalks on Davison Street were of dirt or gravel, although the part of that street designed for vehicular traffic was constructed with a hardened surface. Way Street was a rough, unfinished road. There were no concrete, brick or asphalt sidewalks on either street at the intersection. The crosswalk on the westerly side of Davison Street at its intersection with Way Street was not paved. The defect in the crosswalk consisted of a rut eight to twelve inches deep and about two and one half feet in width. At the time of the accident it was filled with water and mud, and there was about a thirty-second of an inch of ice on its sloping sides which was not observed by the plaintiff until after the accident.

The plaintiff was walking in a northerly direction on the westerly sidewalk on Davison Street at about seven o'clock in the evening on January 7, 1931. An electric light near the crosswalk was lighted. When about to place his right foot on a small mound on the farther side of the rut in order to pass over it, his left foot slipped into the rut and he fell and was injured.

The plaintiff lived on Davison Street, was familiar with the locality, and was aware of the existence of the rut in the crosswalk where he fell. He was walking carefully, however, and while he could have avoided the rut by turning a few steps to his right and could have passed the end of Way Street by walking on the smoother hardened surface of Davison Street, yet to cross the rut he would

not have to proceed at more than an ordinary pace. The only point argued by the defendant is that the plaintiff was guilty of contributory negligence as a matter of law.

The mere fact that the plaintiff was familiar with the crosswalk and the particular defective condition which caused his injury does not as matter of law constitute negligence. *McGuinness* v. *Worcester*, 160 Mass. 272, 273, 274, and cases cited. *Junkins* v. *Stoneham*, 234 Mass. 130, 133. *George* v. *Malden*, 274 Mass. 606, 608. *Slack* v. *Boston*, 275 Mass. 187, 189. His previous knowledge of the defect was evidence for the consideration of the jury in determining whether he was lacking in due care. *Winship* v. *Boston*, 201 Mass. 273, 275. *Beckwith* v. *Boylston*, 284 Mass. 279, 282. *Callagy* v. *Boston*, 297 Mass. 53, 55. That the plaintiff did not avoid the defect in the crosswalk by proceeding on the smooth, hardened surface of Davison Street is not conclusive evidence of negligence. "Mere knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it." *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50, and cases cited.

The defendant has relied upon the case of *Cox* v. *Boston*, 254 Mass. 498. We are of opinion that it is distinguishable in the facts from the case at bar.

The question of the plaintiff's due care was properly submitted to the jury.

*Exceptions overruled.*