MARY J. SULLIVAN *vs.* TOWN OF SAUGUS.

Essex.     October 6, 1939. — January 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Municipal Corporations*, Liability for tort.     *Negligence*, Trench, Contributory.

A town was liable for injuries resulting from its negligence in leaving insufficiently lighted and guarded a trench dug by it in maintaining its water system, although the work was being paid for by money raised by a bond issue for the purpose of relieving unemployment.

Evidence that a trench dug by a town for a water main in an unlighted private way was left at night with lanterns placed at intervals along its course, but none within twelve to fifteen feet of its end, warranted a finding of negligence of the town toward one who fell into the end of the trench while rightfully using the way.

Evidence of the conduct of a pedestrian who at night fell into an insuffi-
ciently lighted and guarded trench in a private street did not require
a finding that he was contributorily negligent although he was aware
of the existence of the trench.

TORT. Writ in the Superior Court dated May 7, 1931.

Before *Baker*, J., a verdict was returned for the plaintiff
in the sum of $3,500.

*G. B. Rowell*, for the defendant.

*R. J. Coffin*, for the plaintiff.

DOLAN, J. This is an action of tort to recover compensa-
tion for personal injuries sustained by the plaintiff. The
case was referred to an auditor who found for the defend-
ant. Thereafter it was tried to a jury. The auditor's report
and other evidence were introduced. The defendant's mo-
tion for a directed verdict was denied, subject to its excep-
tion, and the jury returned a verdict for the plaintiff. The
judge, having reserved leave to order the entry of a verdict
for the defendant, denied the defendant's motion that this
be done, subject to the defendant's exceptions. The case
comes before us upon those exceptions and upon the excep-
tions of the defendant to the denial of its thirteenth, four-
teenth and fifteenth requests for rulings. Other exceptions
of the defendant contained in the record, not having been
argued, are treated as waived.

The following facts could have been found by the jury:
In January, 1931, the plaintiff was residing in her home on
the westerly side of Johnson Street, which was a private
way extending north and south in the defendant town. For
several days prior to January 26, 1931, the water division
of the department of public works of the town had been
digging up Johnson Street with the intention of replacing
water mains. This work was being paid for by money
raised by a bond issue for the purpose of relieving unemploy-
ment. In the course of the work a trench about four feet
wide and five feet deep had been opened near the westerly
sidewalk of the street, and remained open from noon on
Saturday, January 24, 1931, until after the occurrence of
the accident on Monday, January 26, 1931. The northerly
end of the trench was about opposite the southerly line of

the plaintiff's premises. Excavated material had been placed on both sides of the trench, and upon the westerly sidewalk, south of where the plaintiff lived, to an extent that made it impassable.

At 6:15 A.M. on January 26 the plaintiff left her home to go to work. She proceeded diagonally across her lawn in the direction toward which the trench extended. When she reached the sidewalk, knowing that it was blocked further along she started to cross the street. She knew there was an open trench in the street, having seen it on the preceding Saturday and Sunday. It was dark at the time of the accident, the sun not rising on that day until 7:02. It was cloudy. There was no artificial light that lighted up her lawn as she crossed it and no electric light in front of the plaintiff's home. When the plaintiff went into the street she saw a lighted red lantern to the south. Keeping her eyes on this lantern, which gave no substantial illumination, she crossed to go to the outside or east of it. When about twelve feet from the lantern she fell into the northerly end of the trench, which she had not seen, and sustained the injuries complained of.

Lanterns had been placed on the excavated material along the trench at intervals of twenty-five feet. Although a lantern and wooden horse had been placed at the southerly end of the trench, neither had been placed at the northerly end where the plaintiff fell, and the nearest lantern to that point was twelve to fifteen feet distant.

The defendant's thirteenth, fourteenth and fifteenth requests for rulings were as follows: "13. There is no duty upon the town toward a plaintiff who sustains injuries as the result of a gratuitous undertaking by the town which is primarily for the purpose of relieving unemployment. 14. The operation engaged in by the defendant town on Johnson Street at the time of the accident was not for the purpose of profit to the defendant town, but for the purpose of the general welfare of all the inhabitants of the town. 15. Where the particular undertaking of a town is for the general purpose of the welfare of the inhabitants in relieving unemployment rather than for profit to the town, there

is no duty upon the part of the town toward persons properly at or near an excavation made in the course of such undertaking." They were properly denied. It is established that the maintenance of a system of water supply by a municipality, in part for the use of inhabitants who pay for the water thus supplied, constitutes a commercial venture, and that the municipality is liable for negligence in connection therewith "just as a private corporation would be liable in performing a similar service." *Sloper* v. *Quincy*, 301 Mass. 20, 24, and cases cited. *Baumgardner* v. *Boston*, 304 Mass. 100, 107. The purpose of the digging in the instant case was to lay a water main "to take care of Mrs. Sullivan's [the plaintiff's] property and two pieces of property or two houses just beyond her property." This work was clearly an incident of the conduct of the water supply system, and was one that in no instance was done at the expense of the users of water, whether new mains were laid or old ones were replaced. That the defendant derived no profit from the venture is not material. It was commercial in its character. That the work was being carried on with funds that had been raised by a bond issue for the purpose of relieving unemployment does not take the case out of the general rule to which reference has already been made. This is settled by the case of *Baumgardner* v. *Boston*, 304 Mass. 100, 105.

The denials of the defendant's motion for a directed verdict, and of its motion that under leave reserved the judge order the entry of a verdict in its favor, and of its motion for a new trial were free from error.

Since the plaintiff had her residence on the street involved, she was neither a trespasser nor a mere licensee in using that private way. *Barber* v. *C. W. H. Moulton Ladder Co.* 231 Mass. 507, 509. The defendant in the conduct of the work was also upon the way as of right, but it owed a duty to exercise reasonable care in the circumstances to use sufficient methods of making known to the plaintiff dangers arising from the trench, by maintaining barriers or lights or by other means to warn her of the location of the unsafe portion of the way. *Winship* v. *Boston*, 201 Mass.

273, 275. This included the obligation to provide warnings during periods of darkness. *Hurley* v. *Boston & Maine Railroad*, 228 Mass. 365, 367. Whether the trench had been sufficiently guarded was a question for the jury and they could have found that, in failing to provide a barrier or a light at the northerly end of the trench where the plaintiff fell, the defendant was negligent. *Norwood* v. *Somerville*, 159 Mass. 105, 110, 111. *Leonard* v. *Boston*, 183 Mass. 68. *Dolan* v. *Charles J. Jacobs Co.* 221 Mass. 256.

The burden of proving contributory negligence on the part of the plaintiff rested upon the defendant, G. L. (Ter. Ed.) c. 231, § 85, and a verdict for the defendant on this ground could be directed by the judge only if the evidence by which the plaintiff was bound required a conclusion, as matter of law, that the plaintiff was guilty of contributory negligence. *Snow* v. *Boston Elevated Railway*, 303 Mass. 420, 421–422. The mere fact that the plaintiff was familiar with the existence of the trench that caused her injury does not as matter of law show negligence on her part. It was an element to be considered by the jury in determining whether she was in the exercise of due care. *Winship* v. *Boston*, 201 Mass. 273, 275. *Barton* v. *Boston*, 301 Mass. 492, 494, and cases cited. Although she could have passed safely to the north of the trench to a part of the way that was not dug up, in the absence of warning by lantern or barrier at the northerly end of the trench we think it cannot be said as matter of law that she was negligent in failing to do so.

The jury could find that the plaintiff, although aware of the existence of the trench, was unable to see it in the darkness, but did see the red lantern twelve to fifteen feet distant from its northerly end, and kept her eyes upon that lantern. Her attempt to pass to the outside of that light would warrant the jury in finding that she regarded it as marking the end of the trench. We think that such conduct cannot be said to require a ruling that the plaintiff was guilty of contributory negligence. Instead, it would seem to indicate that she was concerned for her safety, and we think that it was for the jury to determine whether she

acted as an ordinarily prudent person would act, in relying upon the lantern, which the jury could find was twelve to fifteen feet from the northern end of the trench where the accident occurred, as marking that end of the trench. Nor could it be ruled that the plaintiff was bound to stop on seeing a lantern twelve to fifteen feet distant from the place where she was walking. *Leonard* v. *Boston,* 183 Mass. 68, 70. See *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50; *Burnett* v. *Conner,* 299 Mass. 604, 608.

In accordance with familiar principles of law, there was no error in denying the defendant's motion for a new trial. *Energy Electric Co., petitioner,* 262 Mass. 534, 538. *Commonwealth* v. *Polian,* 288 Mass. 494, 501–502, and cases cited. *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510.

*Exceptions overruled.*