VERNON H. SPENCER *vs.* ISAAC BARTFIELD.

Worcester. September 24, 1956. — November 13, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* Contributory.

In an action for personal injuries sustained in a fall when the plaintiff in the day time caught his foot in a crack in a cement walk, testimony by the plaintiff, who had known of the condition of the walk before the accident, that he "couldn't help seeing the crack if he had looked. He wasn't paying any attention and when he stepped in the crack he wasn't looking where he was going," did not require a ruling that he was guilty of contributory negligence.

TORT. Writ in the Superior Court dated January 30, 1948.

There was a verdict for the plaintiff at the trial before *Leary,* J.

*Thomas F. Maher,* for the defendant.

*Thomas S. Carey & David E. Swartz,* for the plaintiff, submitted a brief.

COUNIHAN, J. This is an action of tort for personal injuries sustained by the plaintiff on July 4, 1947, as a result of negligence of the defendant. It was agreed at the pretrial hearing that the plaintiff was a tenant of the defendant on the date of the accident and that the defendant was the owner of the premises and in control of the common passageway where the accident occurred.

The case comes here upon an exception to the denial of the defendant's motion for a directed verdict. The only issue argued by the defendant is contributory negligence of the plaintiff. There was no error.

There was evidence from which the jury could find that the plaintiff prior to the accident had been a tenant on the first floor of a three apartment dwelling house at number 44 Tainter Street, Worcester, since 1937. Sometime in 1940 the defendant became the owner of the premises. There were four cement steps leading from the sidewalk to a cement walk which led to the entrance to the apartment house. Early in 1947 a break occurred in the cement walk causing a crack in it. This crack was about one and one half feet beyond the top cement step. It was about two and one half to three inches deep and about three inches wide. It ran diagonally across the walk. On March 1, 1947, the plaintiff directed the condition to the attention of the defendant who said he would fix it. The accident happened at about 7:30 P.M. when the sun was shining. The plaintiff walked up the steps preparatory to entering the house. Just as he passed over the top step his foot caught in the crack in the walk. He stumbled, fell and fractured his right arm.

In cross-examination the plaintiff admitted that he "couldn't help seeing the crack if he had looked. He wasn't paying any attention and when he stepped in the crack he wasn't looking where he was going." It is upon this statement that the defendant relies to sustain his contention that the plaintiff was guilty of contributory negligence. We do not agree. We are of opinion that the case was properly submitted to the jury. While the plaintiff's knowledge of the defect was evidence which the jury might consider in determining the question, it did not as matter of law require a finding of contributory negligence. *McGuinness* v. *Worcester*, 160 Mass. 272. *Agnew* v. *Franks*, 255 Mass. 539, 541. *Conly* v. *Joslin*, 269 Mass. 378. *Barton* v. *Boston*, 301 Mass. 492, 494. *Mello* v. *Peabody*, 305 Mass. 373, 375. *Elwell* v. *Athol*, 325 Mass. 41, 44. *Cox* v. *Boston*, 254 Mass.

498, relied upon by the defendant, is distinguishable on its facts and involves no principle of law different from what we have stated herein.

*Exceptions overruled.*