No. 411649
JAMES H. McILVANE
v.
VERNON PERCIVAL

(May 3 — July 23, 1957)

*Present:* ADLOW, C. J., RILEY AND ROBERTS, JJ.

*Roberts, J.* This is an action of tort to recover for personal injuries allegedly sustained by the plaintiff as the result of a fall on the defendant's premises.

It could have been found from the evidence that the defendant operated a pool room in the City of Boston and that the plaintiff was injured on the defendant's premises when *his foot fell, or was caught in a hole in the floor* in front of a pool table causing him to fall down onto the floor. Further, it could have been found that the plaintiff at this time enjoyed the status of a business invitee for he had paid to play pool and actually met his injury while playing pool and "concentrating on a pool shot."

The plaintiff and another witness gave evidence of the alleged defective condition of the wooden floor of the pool room from which the trial court could find that the boards were two inches wide and ran "lengthwise as you go into the store" and that at the place where the plaintiff caught his foot there was a "hole" two and a half feet long (where the boards separated) which was one half inch wide, and one half inch deep or that one board was one inch higher than the adjacent board and that the hole was two feet long, and one half inch wide at the separation. There was testimony that there was some dirt in the hole which was dark and brown and part of the boards were chipped and worn away.

It could also be found that the condition had

existed unchanged for between one month and "from four to five months" prior to the injury and that the plaintiff was familiar with the condition for a long time prior to his injury for he had seen it ten or twelve times prior and was in the pool room four or five days each week. Further, the plaintiff testified that he did not think of the hole at the time of his fall as he was concentrating on a pool shot.

The defendant duly made the following request for ruling, on which the court acted as indicated:

1. There was no evidence to warrant a finding for the plaintiff. *Denied.*

The court found for the plaintiff and assessed damages in the amount of $1,947.00.

The defendant claims to be aggrieved by the denial of his request for ruling.

■ The plaintiff was a business invitee of the defendant and it was therefore the duty of the defendant to use due care to keep the premises reasonably safe for his use. *Greco v. Sumner Tavern, Inc.,* 333 Mass. 144; *Harris v. Gee,* 328 Mass. 213; *Aragona v. Parrella,* 325 Mass. 583.

■ The defendant, of course, is not an insurer of safety, and where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger, and to take measures to remedy it. *Keenan v. E. M. Loew's, Inc.,* 302 Mass. 309.

■ He is liable, however, if he is negligent in failing to inform himself of a dangerous condition, and thereupon to take appropriate action.

■ It could be found that the presence of this hole in the floor of the defendant's pool room constituted a serious danger to safety of customer's under the circumstances of this case, and that it had existed for four or five months, long enough for him to have known of it and to have corrected it befre the accident. *Gallagher v. Stop & Shop, Inc.,* 332

Mass. 560; *Foley v. F. W. Woolworth Co.*, 293 Mass. 232.

The defendant's principal contention, however, is that the plaintiff was contributorily negligent in that he knew of the condition of the floor, and had known of it for some time, but did not take precautions to avoid the hole.

It is well established in this Commonwealth that the question of the plaintiff's contributory negligence in passing over a hole in a floor or in a sidewalk, or in being injured by a defect which is of a substantial nature, even though he had known of its existence for some extended period of time prior thereto, is rightly one for the trial court. The plaintiff's previous knowledge of the defect is evidence for the trier of fact in determining whether he was lacking in due care, but it is not conclusive of his negligence if he fails to avoid it. *Reagan v. Belmont*, 316 Mass. 467.

In *Spencer v. Bartfield*, 1956 AS 1211, the plaintiff was injured when his foot caught in a crack in the walk leading to his house. He admitted that he "couldn't help seeing the crack if he had looked. He wasn't paying any attention and when he stepped in the crack he wasn't looking where he was going." In holding that the case was properly submitted to the jury, the court said, "While the plaintiff's knowledge of the defect was evidence which the jury might consider in determining the question, it did not as a matter of law require a finding of contributory negligence." Certainly the ordinary rule in this Commonwealth, the burden being on the defendant, is that the question of contributory negligence is one for the jury, *Conly v. Joslin*, 269 Mass. 378 (wire extending over a public sidewalk for several months from land occupied by the defendants); *Agnew v. Franks*, 255 Mass. 539 (wire always on sidewalk in front of defendant's premises); *Barton v. Boston*, 301 Mass. 492 (rut in crosswalk of public

way); *Mello v. Peabody*, 305 Mass. 373 (hole in sidewalk); *Elwell v. Athol*, 325 Mass. 41 (hole in sidewalk).

The cases relied upon by the defendant are distinguishable upon their facts. In *Campbell v. Hagen-Burger*, 327 Mass. 159, 162, the plaintiff's knowledge of the alleged defect was superior to that of the defendant, and in *O'Neil v. W. T. Grant*, 335 Mass. 234, the sole evidence both as regards to the condition complained of, overflowing dirty water and papers, together with the testimony to the effect that the condition had existed for a matter of ten minutes came solely from the plaintiff herself by which evidence she was bound. Under such circumstances it was held "to hold on this evidence that a finding was warranted that the plaintiff was in the exercise of due care would render the doctrine of contributory negligence virtually meaningless." see also: *Crone v. Jordan Marsh Co.*, 269 Mass. 289 (small rug on slippery floor); *Kitchen v. Women's Club of Boston*, 267 Mass. 229 (small, thin rug on slippery floor).

The case at bar in its essential aspects is controlled by *Spencer v. Bartfield*, 1956 AS 1211, and the question of the contributory negligence of the plaintiff was for the trial court to determine.

The court having found that the plaintiff was not negligent in catching his foot in the hole, there was no error in its denial of the defendant's request for ruling.

*Report dismissed.*

Julian D. Rainey, for the Plaintiff.
Parker, Coulter, Daley & White, for the Defendant.