CHARLES CHRISTMAN & another *vs.* SHAGOURY
CONSTRUCTION Co., INC.
(and three companion cases).

Norfolk.    February 2, 1965. — April 27, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* Contractor, Use of way, Excavation.  *Way,* Public: defect,
    excavation.

Evidence that an occupant of an automobile sustained injuries on a high-
    way at night when the automobile struck an unguarded depression adja-
    cent to a manhole which a contractor had installed for the municipality
    some months previously and for which he still had responsibility war-
    ranted findings that the contractor was chargeable with knowledge of
    the depression and was negligent toward the injured person, and that
    within G. L. c. 84, § 15, the municipality had "reasonable notice of"
    the depression.

FOUR ACTIONS OF TORT.    Writs in the Superior Court in
two of the actions dated October 27, 1961, and in the other
actions May 11, 1960, and March 15, 1961.

The defendants alleged exceptions to the denial of mo-
tions for directed verdicts at the trial before *Ford, J.*

*Walter J. Gotovich,* Town Counsel, for the defendant
Town of Norwood.

*John F. Finnerty (John H. Fletcher Calver* with him)
for the defendant Shagoury Construction Co., Inc.

*George F. Mahoney* for the plaintiffs Charles Christman
& another.

REARDON, J.    These are actions of tort brought against
Shagoury Construction Co., Inc. (Shagoury) and the town
of Norwood.    The minor plaintiffs Christman and Crowley
seek to recover for personal injuries.    The former was a
passenger in a car operated by the latter on the night of
November 4, 1959.    The declarations also contained counts
for consequential damages suffered by the mother of each
minor plaintiff, with an additional count for property dam-

age to the Crowley automobile which was owned by the minor plaintiff Crowley's mother.

The jury could have found the following facts. On the night in question, at or about 9 P.M., Crowley was operating a small automobile in a northerly direction on Nichols Street, a public highway in Norwood, and proceeding at a speed of between thirty and thirty-five miles an hour. At a point in Nichols Street where the two minor plaintiffs were unaware that any construction work was in progress, and after they had just passed a "sort of curbing" on the back of a drain, the left front wheel of the car "hit something, a groove or a hole." This caused Crowley to lose control of the car and it hit an island in the center of Nichols Street, which is a macadam highway divided by a center strip. The car then proceeded to the side of the road, striking a utility pole which it broke in two. Both minor plaintiffs were injured.

Shagoury had an oral contract with Norwood to install a sewer in the median strip on Nichols Street. The installation, which was performed by Shagoury under the supervision of town engineers, was completed "sometime in August of 1959." In the course of the sewer installation Shagoury had installed several manholes, one of which was located on the left side of the northbound lane of Nichols Street near the side of the center strip. In the installation of the manhole Shagoury dug a circular hole six to eight feet deep and several feet in diameter, filling in around it with gravel to the road level. A hole in the street existed near the manhole on the night of the accident, and on the morning following the accident several witnesses observed it to be several feet in length and width and at least one foot deep. The defendants allege exceptions based on the denial of motions to direct verdicts in their favor. There was no error.

The record discloses that following completion of the installation and until the time of the accident Shagoury "continued to assume responsibility for daily inspection of the site and for posting warning signs at each end of the in-

stallation and for posting lanterns on the work each night.'' Neither minor plaintiff saw any warning signs or lights, and the jury could have found Shagoury negligent by reason of its failure adequately to warn travelers on the highway. *Zegeer* v. *Barrett Mfg. Co.* 226 Mass. 146, 147–148. *Scholl* v. *New England Power Serv. Co.* 340 Mass. 267, 270. *Regan* v. *John J. Amara & Sons Co.* 348 Mass. 734, 736–737.

While the sewer installation was completed in August of 1959, Shagoury's responsibility, as previously noted, extended beyond that time. Between August and the time of the accident ''when the gravel around the manholes . . . had dropped below the level of the street additional gravel was added by . . . [Shagoury].'' These circumstances differ significantly from those in *Cunningham* v. *T. A. Gillespie Co.* 241 Mass. 280, 282, where exclusive control of the site was in the city. The cases at bar fall more nearly within the authority of *Messina* v. *Richard Baird Co.* 337 Mass. 8, 13–14. See *Flaherty* v. *New York, N. H. & H. R.R.* 337 Mass. 456.

Both Shagoury and the town contend that there was no notice, actual or implied, of the existence of any defect and therefore that the question of negligence ought not to have been submitted to the jury. Were there no evidence to establish liability, the defendants' contentions would necessarily be sustained. *Silva* v. *Somerville,* 253 Mass. 545, 546. But the jury could have found from the evidence that there was a defect or depression in the area and that Shagoury, having been responsible for the installation in August, 1959, and for inspection of the site thereafter, was chargeable with knowledge of its existence. Whether the town had ''reasonable notice of the defect,'' G. L. c. 84, § 15, similarly presented a question of fact. *Saunders* v. *Medford,* 304 Mass. 464, 465, and cases cited.

*Exceptions overruled.*