ANGELINA J. CATANIA *vs.* TOWN OF BARNSTABLE & another.[1]

Barnstable.    December 12, 1974. — June 4, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Way,* Public: defect, way under construction.  *Municipal Corporations,* Liability for tort.  *Evidence,* Evidence binding a party; Opinion: expert.  *Negligence,* Contractor, Way under construction, Contributory, Assumption of risk.  *Witness,* Expert witness.

In an action of tort under G. L. c. 84, § 15, against a town for injuries sustained in an automobile accident resulting from construction work on a road, the town was not liable for damages where the plaintiff was fully aware of the location, nature and extent of the construction, even though the road was not closed and no warnings were posted.  [323]

Evidence that the plaintiff's automobile hit a depression in a road undergoing construction, which caused the hood of the automobile to bounce up thereby obstructing the plaintiff's view and resulting in the automobile leaving the road and striking a tree, and that there were no signals, signs or other devices to warn the public of the construction or the depression warranted a finding of negligence on the part of the construction company performing the work; neither the plaintiff's prior knowledge of the condition of the road nor the fact that she could have taken an alternative route to her home, which would have required her to travel over a different part of the road also undergoing construction, precluded her from recovery as matter of law on the ground of either contributory negligence or assumption of the risk.  [323-325]

A determination that a witness was not qualified as an expert to give opinion testimony on a particular matter was a preliminary question of fact to be decided by the trial judge.  [325]

TORT. Writ in the Superior Court dated February 2, 1970.

The action was tried before *Chmielinski,* J.

*John J. Harrington* for Powers Contracting Corp.

*Henry L. Murphy,* Town Counsel, for the town of Barnstable.

*Warren G. Miller* for the plaintiff.

---

[1] Powers Contracting Corp.

Rose, J.   The plaintiff brought an action of tort against the town of Barnstable (town) and Powers Contracting Corp. (Powers) to recover for injuries sustained when the automobile which she was driving struck a depression in the road (Pond Street — a public way in the defendant town), thereby causing the automobile to go off the road and strike a tree. There was evidence that under a contract with the town, Powers had been engaged for seven months in doing construction work on about 3,900 feet of Pond Street; that on April 22, 1969, at 9:15 P.M., the plaintiff, while driving home on Pond Street during a heavy rain, hit a three to four inch depression in the road at the point where the existing asphalt on the part of the road not under construction ended and the unpaved portion of the road undergoing construction began; that, as a result, the hood bounced up, thereby obstructing her view and resulting in the car's leaving the road and striking a tree; that there had been a depression at that point in the road for at least two months prior to the accident; and that on the night of the accident there were no signals, signs, lights, barriers, or other devices which would have warned the public of the construction or of the depression in the road.

There was also evidence that the plaintiff had lived on Pond Street about 1,000 feet from the beginning of the construction area during the entire period that the work was in progress; that she was fully aware of the nature and extent of the work being performed; and that she knew that the road was dug up at the location of the depression. The plaintiff could have taken a different route home, but the alternative route was about one-half mile longer and would have required her to travel on another part of Pond Street also undergoing construction.

The jury returned verdicts for the plaintiff against both defendants, and the defendants bring the case here by bills of exceptions. Both the town and Powers claim that the judge committed error in denying their motions for directed verdicts and in refusing to give certain instructions to the jury which they requested. Powers further claims that the

judge committed error in the exclusion of certain testimony.

1. We agree with the town's contention that the trial judge should have granted its motion for a directed verdict. Viewing the evidence in the light most favorable to the plaintiff (*Gelinas* v. *New England Power Co.* 359 Mass. 119, 120 [1971]), the jury was not warranted in finding against the town. The town's liability for harm caused by a defect in a public way is predicated upon G. L. c. 84, § 15 (see *Whalen* v. *Worcester Elec. Light Co.* 307 Mass. 169, 174 [1940]), which provides in part that a town shall not be liable for injury or damage sustained upon a way "during the construction and repair thereof, provided that the way shall have been closed or other sufficient means taken to caution the public against entering thereon." There is nothing in the record to indicate that the way had been closed by the proper authorities; and there was evidence that no means were taken to caution the public against entering the way. However, it is settled that even in these circumstances, the town is not liable under G. L. c. 84, § 15, if the "construction or repair was apparent to the plaintiff." *Pratt* v. *Peabody,* 281 Mass. 437, 440 (1933). *O'Neil* v. *Boston,* 263 Mass. 55, 57 (1928). See *Chapman* v. *Boston,* 252 Mass. 404, 405-406 (1925); *Cody* v. *Boston,* 258 Mass. 267, 268-269 (1927). The plaintiff's own testimony, by which she was bound (see *Hannon* v. *Hayes-Bickford Lunch Sys., Inc.* 336 Mass. 268, 273 [1957]; *Findlay* v. *Rubin Glass & Mirror Co.* 350 Mass. 169, 172 [1966]), establishes that the plaintiff was fully aware of the location, nature, and extent of the construction work, and that she knew that the road was dug up at the point where the accident occurred. Under these circumstances, she is not entitled to recover from the town under G. L. c. 84, § 15, notwithstanding the fact that there were no warnings posted. *Pratt* v. *Peabody, supra,* at 440, and cases cited.

In light of our conclusion that the town's motion for a directed verdict should have been granted, we need not consider its other contentions.

2. The case against Powers must be viewed differently,

Catania *v.* Barnstable.

as its liability (if any) is to be predicated upon principles of common law negligence rather than on G. L. c. 84, § 15.[2] See *Scholl* v. *New England Power Serv. Co.* 340 Mass. 267 (1960). Compare *Seltzer* v. *Amesbury & Salisbury Gas Co.* 188 Mass. 242, 244 (1905); *Hurlburt* v. *Great Barrington,* 300 Mass. 524 (1938). The judge was correct in denying Powers' motion for a directed verdict. From the evidence presented, the jury were warranted in finding that the plaintiff's injury was due to Powers' negligent failure to warn of the danger that was created by the depression in the road.[3] See *Sullivan* v. *Saugus,* 305 Mass. 127, 130-131 (1940); *Scholl* v. *New England Power Service Co., supra,* at 270; *Christman* v. *Shagoury Constr. Co. Inc.* 349 Mass. 113, 115 (1965).

Furthermore, the plaintiff's prior knowledge of the condition of the road does not, as Powers contends, preclude her from recovery as a matter of law on the ground of either contributory negligence or assumption of the risk.[4] *Agnew* v. *Franks,* 255 Mass. 539, 541 (1926). *Conley* v. *Joslin,* 269 Mass. 378, 379 (1929). *Sullivan* v. *Saugus, supra,* at 131. *Halley* v. *Hugh Nawn, Inc.* 356 Mass. 28, 30 (1969). In the circumstances of this case, the questions of contributory negligence and assumption of the risk were properly submitted to the jury. *Sullivan* v. *Saugus, supra,* at 131. *Halley* v. *Hugh Nawn, Inc., supra,* at 30. Nor does the fact that the plaintiff could have taken a different route establish that she was contributorily negligent as a matter of law (*Slack* v. *Boston,* 275 Mass. 187, 189 [1931]), par-

---

[2] G. L. c. 84, § 15, applies only to a "county, city, town or person by law obliged to repair" a public way.

[3] Powers' contention that the depression was not a defect within the meaning of G. L. c. 84, § 15, is beside the point as § 15 does not apply to the count against Powers.

[4] Powers' reliance on such cases as *Pratt* v. *Peabody,* 281 Mass. 437 (1933), and *Cody* v. *Boston,* 258 Mass. 267 (1927), is misplaced since these cases deal only with the question of the plaintiff's knowledge as it relates to the statutory liability of a *municipality,* under G. L. c. 84, § 15, for defects which are created during the construction or repair of a public way.

Catania *v.* Barnstable.

ticularly in light of the fact that the alternative route available to the plaintiff would have required her to travel over a different part of the portion of Pond Street undergoing construction.

Applying the principles discussed above in reference to Powers' motion for a directed verdict, we also find no error in the judge's refusal to instruct the jury in accordance with Powers' requests.[5]

3. At trial, a property damage assessor, who had examined the plaintiff's car at some time after the accident, was called as a witness for the defendants and was asked to give an opinion whether the hood of the plaintiff's car was closed at the time of the accident. The judge, subject to Powers' exception, excluded this testimony on the ground that the witness was not qualified to give such an opinion. Whether or not a witness is qualified to give an opinion on a particular matter is a preliminary question of fact to be decided by the trial judge and he will not be reversed unless there is no evidence to warrant his conclusion. *Arena* v. *John P. Squire Co.* 321 Mass. 423, 425 (1947). *Commonwealth* v. *Roy,* 2 Mass. App. Ct. 14, 22 (1974). We have considered the record and hold that the judge's conclusion was warranted by the evidence.

4. The exceptions of the defendant Powers are overruled. The defendant town's exception to the denial of its motion for a directed verdict is sustained; judgment is to be entered for the town.

*So ordered.*

---

[5] Powers' exceptions to the denial of those requested instructions which it has not argued are deemed waived.