COMMONWEALTH *vs.* SANDRA A. BALESTRA. October 29, 1984. *Evidence,* Polygraphic examination, Opinion, Prior consistent statement. *Motor Vehicle,* Homicide, Operation.

Convicted by a jury on a charge of vehicular homicide (G. L. c. 90, § 24G, as in effect prior to St. 1982, c. 373, § 9), the defendant on appeal claims error in the denial of her motion for a required finding of not guilty, the denial of her substitute motion to take a polygraph examination, and the exclusion of certain evidence contained in police reports. We affirm.

1. *Motion for required finding of not guilty.* Taken in the light most favorable to the Commonwealth, the evidence that the defendant was the driver of the automobile (the only element of the offense challenged on appeal) was sufficient to withstand her motion for a required finding of not guilty. There was testimony that the defendant had driven the victim to a bar, had been seen leaving the bar with the victim, and had been seen entering the driver's side of her stepfather's company's automobile. The victim was observed entering the passenger's side of the vehicle. About a half hour later, the car was found resting on its left side with the defendant wedged in the driver's seat of the vehicle, the steering wheel pressed down against her thighs, her left foot beneath the brake pedal. The console separat-

ing the driver's bucket seat from the passenger's seat which contained the shift mechanism was not damaged. "Viewed as a whole the evidence permitted the jury to conclude with the degree of conviction required by *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979), that [Balestra] was the driver of the car." *Commonwealth* v. *Doyle,* 12 Mass. App. Ct. 786, 789 (1981). Contrast *Commonwealth* v. *Shea,* 324 Mass. 710, 713-714 (1949).

2. a. *Defendant's substitute motion for polygraph examination.* The motion judge found that after the allowance of the defendant's original motion for a polygraph examination to "be administered by an agent of the Commonwealth," the defendant "ha[d] made no good faith effort to arrange and submit to the test and . . . further [found] that the delay [was] intentional and calculated on the part of the defendant." The defendant's contention that the Commonwealth "changed its position" as to the examiner to be used was denied by counsel for the Commonwealth and was implicitly rejected by the findings of the judge. There were conflicting claims, and the judge was not required to accept defense counsel's position. In view of the findings and the record, we see no error in the judge's refusal to allow the defendant's substitute motion for the taking of a polygraph examination by a person suggested by the defendant.

b. *Admissibility of polygraph examination previously taken.* There was also no error in refusing to admit the results of the polygraph examination arranged by the defendant's family attorney. The results of an examination known in advance of the motion for admission are not admissible. *Commonwealth* v. *Stewart,* 375 Mass. 380, 384 (1978), and cases cited. See generally *Commonwealth* v. *Walker,* 392 Mass. 152, 157 (1984), for the limited purposes for which polygraph evidence may be used.

3. *Admissibility of portions of police reports.* One of the police officers who testified at trial, Raymond Blake, had, in an accident report, stated that "[b]ecause of the positioning of the victims" within the car, "I am unable to determine the operator at this time." Officer Blake's conclusion was not, however, inconsistent with any of his testimony. At trial, Blake neither described nor was asked to depict the positions of the accident victims. Thus, the rule allowing evidence of a prior opinion to contradict testimony as to specific facts does not here apply. E.g., *Whipple* v. *Rich,* 180 Mass. 477, 478-479 (1902). See generally Liacos, Massachusetts Evidence 137 (5th ed. 1981).

The defendant was also not entitled to the ruling she sought, namely that she should be allowed first to ask Blake whether he could "formulate an opinion due to the position of the bodies" and second to impeach him by his accident report if Blake answered "yes." It does not appear that Blake was qualified as an expert on the effects of impact on the positioning of bodies, cf. *Catania* v. *Barnstable,* 3 Mass. App. Ct. 321, 325 (1975), and his lay opinion as to whether those positions enabled a determination of the driver was, therefore, inadmissible.

The defendant's claims of erroneous exclusion of portions of the report of another police officer, Michael Novio, are likewise without merit. Novio's opinion at an early stage of his investigation that he had no reason "to disqualify" Balestra's statement (that she was not the driver) was properly excluded. See *Julian* v. *Randazzo*, 380 Mass. 391, 393 (1980).

Nor was the defendant entitled to the admission of her own taped statement contained in Novio's report in which she stated that she was not the driver. "There could hardly be a rehabilitation here," where the defendant had substantially the same motive to fabricate at the time the statement was made as later. *Commonwealth* v. *Kirby, ante* 960, 961 (1984).

In any event, it is difficult to see how the defendant was harmed by the earlier exclusion of her statement since the Commonwealth on cross-examination of the defendant asked her:

THE PROSECUTOR: "When you spoke to Sgt. Novio you told him exactly the same thing didn't you? That 'Sgt., I don't know much about that night, but I know one thing, I wasn't driving and that's all I remember' and that was it, wasn't it?"

THE DEFENDANT: "Right."

*Judgment affirmed.*

*Robert W. Kelley* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.