Summerville, J.
This is a negligence action in which the plaintiff alleges that Umbro & Sons Construction Corporation (Umbro) and Boston Water and Sewer Commission (BWSC) failed to keep reasonably safe a roadway under construction. The plaintiff also alleges that Umbro and BWSC failed to warn the plaintiff of a dangerous condition on the roadway.
On April 18, 1995, the case was tried in the Boston Municipal Court. The trial judge issued her rulings on defendants’ requests for rulings of law on August 4, 1995. Judgment entered in favor of the plaintiff on August 10,1995.
The defendants contend on appeal that the trial judge erred when she denied defendants’ requests for rulings of law numbered three (3) and four (4). Umbro and BWSC ask that the trial court’s rulings on the above mentioned requests be found in error and that judgment be entered for the defendants. We decline to do so.
The defendants submitted Requests For Rulings of Law at the conclusion of all the evidence and before closing arguments as required by Dist./Mun. Cts. R. Civ. E, Rule 64A(a). The Court will address request number four first. Request 4 read as follows:
4) The exposed manhole casing was open and obvious, therefore, there was no duty on the part of the defendants to warn the plaintiff of its existence. Polak v. Whitney, 21 Mass. App. Ct. 349, 487 N.E. 2d 213 (1985); Kingsley v. Massachusetts Bay Transportation Authority, 1 Mass. App. Ct. 838, 300 N.E. 2d 449 (1973).
The trial judge made the following ruling on request number 4:
No ruling required because this is a request for a finding of fact. To the extent that a ruling is required I find as a fact that the exposed manhole cover was a defect — an obstruction to pedestrians — and find that it was not an “open and obvious” defect such that no warning was required. I find that the manhole cover was negligently marked by the defendant Umbro Construction Corporation. The defendant knew the exposed cover posed a danger to the traveling public, particularly pedestrians. Umbro marked the covers but failed to maintain the markings so as to ensure that the markings were visible to the public. I do not credit the testimony of Joseph Umbro that the safety markings were coated with *78 fresh paint every day.
In addition, the cases cited in this request are distinguishable from the facts in this case and are, therefore, not applicable.
The trial judge correctly viewed number 4 as a request for a finding of fact not a request for a ruling of law. A judge sitting without a jury has two functions, one, to make rulings of law, and the other, to make findings of fact. These two functions are separate and distinct. Ashapa v. Reed, 280 Mass. 514, 516 (1932). "It is ... well established that the duty of the judge is to pass upon relevant requests for rulings of law and to decide the case. [She] must correctly instruct [herself] as to the governing principles of law and pass upon pertinent requests for rulings of law presented to [her] for this purpose in such a way as to make plain that [she] has not fallen into error.” Stella v. Curtis, 348 Mass. 458, 461 (1965). Dist./Mun. Cts. R. Civ. P, Rule 52(a) is clear: “In all actions tried upon the facts without a jury, the court may find the facts specially and state separately its conclusions of law thereon. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses (underlining added).”
After a review of the record the trial judge’s findings of fact on request number 4 are not “clearly erroneous” and will not be set aside.
Umbro and BWSC have also appealed the trial judge’s ruling on request for ruling of law number three. Request number 3 was submitted as follows:
3) A finding against BWSC is not warranted because the construction or repair in the roadway was apparent to the plaintiff. M.G.L. c. 84, §15; Catania v. Barnstable, 3 Mass. App. Ct. 321, 329 N.E.2d 140 (1975).
The trial judge’s ruling on request number three is stated below:
3) No ruling is required because this request does not conform with the requirements set forth in Dist./Mun. Cts. R. Civ. R, Rule 64(b) (2). To the extent that a ruling may be required I find that the defect in the road — the exposed manhole cover — was not readily visible to the traveling public. I credit the testimony of the plaintiff that the marking of the manhole cover was not visible to her as she crossed the street, that the red dots of paint were worn away and not visible from her point of view. I find that the defendant Umbro was aware of this hazard and had originally marked the manhole covers with bright paint to ensure that pedestrians would be warned of the danger. The defendants were negligent in maintaining the markings, however. I do not credit the testimony of Joseph Umbro, general superintendent for Umbro Construction Corp., that he spray painted the manhole covers at the end of each day. I find as a fact that Mr. Umbro did not repaint the covers on a daily basis and further find that he allowed the paint to deteriorate to such a state that it was not visible to the travelling public.
Umbro and BWSC attempted to craft a request for ruling on the sufficiency of the evidence under Dist./Mun. Cts. R. Civ. R, Rule 64A(b)(2). The request, as worded, did not conform to the requirements of Dist/Mun. Cts. R. Civ. R, Rule 64A(b) (2) and once again solicited a finding of fact. The trial judge treated the request appropriately and found facts that are clearly supported by the record. There was no error.