DANIEL J. McCORMACK *vs.* BOSTON ELEVATED RAILWAY
COMPANY & another.

Suffolk. January 10, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* On highway.

If the driver of a tank wagon, drawn by three horses abreast and containing oil,
places his team between the track of a street railway company and the sidewalk
of a street in order to deliver oil to a varnish factory by a hose pipe across the
sidewalk, and if he unfastens the outer trace of the horse nearest the track, and
then temporarily leaves his horses and goes back about sixty feet to the office of
the varnish factory, he can be found to be negligent and his employer to be
liable to a passenger on the running board of an open electric car who is crushed
between the car and the hind quarters of the horse as the car is passing the team
in the direction in which the horses are facing.

The right to place a team between the track of a street railway company and the
curbstone of a street and to keep it there for a reasonable time for the purpose
of unloading merchandise must be exercised with a due regard to the rights of
others lawfully using the street.

MORTON, J. This is an action of tort for negligence against
the Boston Elevated Railway Company and the Standard Oil
Company of New York. There was a verdict for the railway
company and against the Standard Oil Company, and the case is
here on exceptions by the latter company to the refusal of the
judge to rule as requested.

A driver of the Standard Oil Company had placed a tank
wagon with three horses abreast between the northerly or in-
bound track of the railway company and the curbing on the
northerly side of Arlington Avenue in Charlestown, and was
about to deliver oil by means of a hose pipe running from the
rear end of the tank across the sidewalk. The horses and
wagon faced in the same direction in which the cars on the
northerly or in-bound track were going. The plaintiff was a
passenger on an in-bound car, and while standing on the run-
ning board was crushed between one of the horses and the car
as the car was passing the horses. The hub was the nearest
part of the wagon to the rail, and the distance between it and
the running board of a passing car was fourteen inches. There
was contradictory evidence as to the position of the horses,
some witnesses testifying that all three of the horses were in

the street between the curbing and the track, and others that one of the horses was upon the sidewalk.  The outside trace of the horse standing nearest to the track had been attached to the whiffletree by means of a trace chain.  When the wagon had been placed in position for delivering the oil the driver unfastened this trace and allowed it to hang loose suspended by a lazy strap which kept it from the ground and used the trace chain to lock the whiffletree to the nigh front wheel, and the trace and chain were in this position at the time of the accident.  There was testimony tending to show that as the car was passing by, the horse " sheered " or moved toward the car and the plaintiff was crushed between the car and the hind quarters of the horse.  There was also testimony tending to show that at the time the driver was about sixty feet back from the team running towards the office of the varnish factory where the oil was to be delivered.

We think that there was evidence of negligence on the part of the driver, and therefore that the first instruction requested, that there was no evidence of negligence on the part of the Standard Oil Company, was rightly refused.  It was a question for the jury whether taking all of the circumstances into account the driver was or was not in the exercise of due care in leaving the horse standing so near to passing cars with the trace unfastened, and whether he was justified in leaving him even temporarily in that position while he went to the office of the varnish factory.  It could not be ruled as matter of law that there was no evidence of negligence.

The request that the jury be instructed that the " Standard Oil Company . . . had a right to place and keep its team in the position described for the time described for the purpose of unloading its merchandise," was properly refused.  The right was, as the judge instructed the jury, to be exercised with due regard to the rights of others having the right to use the street.  If given in the form in which it was asked, without explanation or qualification, the instruction would have been misleading.  The instructions that were given were correct.

*Exceptions overruled.*

*W. A. Munroe & A. M. Chandler*, for the Standard Oil Company of New York.

*J. J. Irwin*, for the plaintiff.