MARY DOLAN *vs.* CHARLES J. JACOBS COMPANY.

Suffolk.    March 8, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Nuisance.  Negligence,* In guarding hole in highway, In use of highway.

One who under a lawful permit from a city digs a trench in a public sidewalk assumes the duty of taking proper precautions to prevent accidents to travellers. In the absence of adequate precautions such trench becomes a nuisance and the person who dug it is liable for injury caused by it to a traveller in the exercise of due care.

At the trial of an action by an elderly woman against a corporation, which under a permit from a city was obstructing a sidewalk for the digging of holes in front of adjoining houses for the installation of water meters, for personal injuries caused by falling into one of the holes, there was evidence tending to show that the hole into which the plaintiff fell was five feet square and extended across the sidewalk to within eighteen inches of one of the houses, that at the close of the day's work the defendant's workmen left both of the trenches guarded by wooden horses placed on each side, the end of each horse nearer the street resting on a pile of dirt which had been made nearly flat by children playing upon it and the other end extending only to within eighteen inches of the side of the hole nearer the house, and that there was a further space of eighteen inches between the trench and the house, that after dark a red lantern, darkened and black, burning with a dim light, was placed on the middle of the horse on the side from which the plaintiff approached, that, before the accident, the plaintiff had passed down the street, in some way as to which there was no evidence, to a store, that she returned when it was dark, attempted to pass through the space between the end of the wooden horse and the house, and fell into the trench. *Held,* that the questions, whether the plaintiff was in the exercise of due care and whether the defendant left the trench insufficiently guarded or lighted and thus caused the plaintiff's injuries, were for the jury.

TORT for personal injuries sustained on November 9, 1911, by a fall into a trench dug by the defendant for the purpose of

installing a water meter in a house on Morris Street in the part of Boston called East Boston. Writ dated June 5, 1913.

In the Superior Court the case was tried before *Lawton*, J. At the close of the evidence, which is described in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*O. Storer*, for the plaintiff.

*L. C. Doyle*, (*W. I. Badger* with him,) for the defendant.

PIERCE, J. Under a permit from the city of Boston, for the purpose of putting water meters in the houses numbered 89 and 91 on Morris Street, East Boston, the defendant during the day of November 9, 1911, dug two holes or trenches, each five feet square by about four feet deep, between the curbstone and the above named houses. The hole leading to number 89 was on the left of the front door of that house, while the one in front of number 91 was on the right of its front door.

The jury could find that at the close of the day's work the trench was left guarded by wooden horses placed on either side of the two holes; that the ends of the horses nearer the street rested upon a pile of earth excavated from the trenches, which had been made nearly flat by children playing upon it; that the ends near the houses rested at the sides of the trenches, but did not extend to the end of either trench and did not cover a space of eighteen inches or two feet between the inside end of the horse and the inside line of the hole. The jury also could find that there was a space of seventeen or eighteen inches between the inside line of the trench and the side of the house, and that this space was not barred or guarded on either end or on the side adjacent to the hole. They could find that the accident hereinafter described happened shortly before six o'clock, P. M., that it was dark and the place was a dark place; that a lantern was suspended from the middle of each inside horse, and that the lantern "was a red one, very dull color, all darkened and black;" "a dim red light."

The plaintiff lived at number 89 Morris Street. She left her house between five and six o'clock in the evening of the day in question, to go to a grocery on Putnam Street. In order to reach Putnam Street she had to pass directly into the street or by the house numbered 91 (which was on the right of number 89), over the space between the trench and the house. She was an elderly

person, and it does not appear from the record that she testified as to what course she took or that she was asked to do so. When returning from the store, as she passed along the sidewalk in the dusk of the early evening, her vision aided only by the dim red light of a lantern "all darkened and black," suspended from the middle of a horse standing on the far side of the trench she was approaching, she saw, or reasonably might have thought she saw, that a way of at least three feet was reserved for travellers between the end of the barrier by the side of the trench and the house. She testified that when she fell she was on the sidewalk, coming from the store. "I was coming . . . and my foot went in . . . I fell down. . . . I was looking before me for fear I would get any stumble, but something ketched my dress, and I fell; I fell down." She also testified that she saw nothing before her that she "examined with interest. I seen nothing only where I walked." She thought there was a light. "It was away down in underneath me," and "I did not gain much help by the light."

Without a lawful permit from the city the defendant was without right to obstruct public travel and the trench was a public nuisance. *Commonwealth* v. *Boston,* 97 Mass. 555. With the license the obstruction became a nuisance and the acts of the defendant became unlawful unless proper precautions were instituted and maintained to prevent accidents to travellers in the exercise of due care. *Robbins* v. *Chicago,* 4 Wall. 657. See *Commonwealth* v. *Packard,* 185 Mass. 64; *Call* v. *Allen,* 1 Allen, 137, 143.

Upon all the evidence the jury could find that the plaintiff was in the exercise of due care. *Weare* v. *Fitchburg,* 110 Mass. 334. *Kelly* v. *Blackstone,* 147 Mass. 448. *Torphy* v. *Fall River,* 188 Mass. 310. They could find also that the defendant left the trench insufficiently guarded or lighted, and that as the direct consequence of its neglect the plaintiff received the injury of which she complained. The direction of a verdict for the defendant was error.

*Exceptions sustained.*