JOHN J. HURLEY *vs.* BOSTON AND MAINE RAILROAD.

Worcester.   October 1, 1917. — October 29, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* In obstructing highway for lawful purpose, Frightening horses on highway.

If a railroad corporation maintaining an overhead steel bridge above and across a highway has a right to use in a proper manner a swinging staging under the bridge for the purpose of painting the bridge, such right must be exercised with due regard to the public safety and the convenience of travellers, and the railroad corporation must use such a staging as will not unnecessarily obstruct the way and will not be likely to frighten horses; it must not maintain the staging for more than a reasonable time and, while the staging is over the highway, the corporation must use due care to prevent injury to travellers and to provide warning signals during periods of darkness.

In an action against a railroad corporation for damage to the plaintiff's horse, wagon and harness, by reason of the plaintiff's horse being frightened after sundown by a swinging staging maintained by the defendant without lights under an overhead bridge crossing above the highway, it is a question of fact for the

jury whether the temporary obstruction of the public way by the defendant was a reasonable one or whether the staging was an unreasonable structure or was maintained negligently.

TORT for damage to the plaintiff's horse, wagon and harness sustained on November 4, 1915, by reason of a swinging staging hanging from an overhead bridge of the defendant above and across Parker Street in the town of Gardner, whereby the plaintiff's horse was frightened badly so that he ran away and injured himself and broke the wagon and harness. Writ dated January 11, 1916.

In the Superior Court the case was tried before *Raymond,* J. The evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant and reported the case for determination by this court. If the judge's ruling in ordering the verdict was right, judgment was to be entered for the defendant; if it was wrong, judgment was to be entered for the plaintiff in the sum of $100, damages and costs.

*H. W. Blake,* for the plaintiff.

*C. M. Thayer, F. C. Smith, Jr., & G. A. Gaskill,* for the defendant, submitted a brief.

DE COURCY, J. The defendant's railroad crosses Parker Street, a public way in the town of Gardner, on an overhead steel bridge. The width of the street between the two abutments is thirty feet, and the tracks of a street railway are located on the westerly side. The under side of the bridge is twelve and six tenths feet above the surface of the road. On the day of the accident the defendant's employees were painting this bridge, and in doing so used a swinging staging which hung down four and a half or five feet from the structure. This staging consisted of two planks held by ropes attached to the bridge, running with the girders, and across these were two planks extending from the easterly abutment twelve feet toward the centre of the street.

There was testimony on which could be found the following additional facts: The plaintiff, driving a gentle horse harnessed to a democrat wagon, approached this overhead bridge after sundown on November 4, 1915. The atmosphere was hazy, and it was getting dark. There was a steep pitch to the street and banks on each side, and the plaintiff was within twenty feet of the bridge when he first noticed the staging. It looked like a

big dark object: there were no lights on it, and he could not see any men working there. When the horse saw the staging it became frightened, refused to go underneath the bridge, came back quick, turned and broke the shafts, and threw the plaintiff and his companion over the dashboard. This action is to recover for damages to the horse, wagon and harness. The trial judge ordered a verdict for the defendant.

On the issue of his due care the plaintiff was entitled to go to the jury, notwithstanding the fact that, when he drove under this bridge in the morning on his way from his farm in Barre, the "horse did not like the looks of this swinging staging, but with a little coaxing and speaking to . . . went by." Indeed the defendant does not argue to the contrary. On the question of its alleged negligence the defendant contends that it had a right to use the staging in the necessary painting of its bridge, and further that it was not an object likely to frighten horses. No permit to block the highway was obtained from the town authorities, but the case did not proceed on that ground.

Assuming that the defendant had a right, on the ground of necessity or otherwise, to occupy a part of the highway while painting its bridge, yet that right must be exercised with due regard to the public safety and convenience. Even if it was necessary to make use of some kind of a staging to do this work, it was the duty of the defendant to employ one which would not unnecessarily obstruct the way, or be of such an unusual character as would be likely to frighten horses. It was also its duty not to maintain the staging for more than a reasonable time; and, while it was in the highway, to use due skill and care to prevent injury to travellers, and to provide warning signals during periods of darkness. See *Commonwealth* v. *Temple*, 14 Gray, 69, 75; *Morris* v. *Whipple*, 183 Mass. 27; *McCormack* v. *Boston Elevated Railway*, 188 Mass. 342.

Ordinarily the question whether a particular obstruction of a public way is a reasonable one or is negligently maintained, is one of fact for the jury. And the same rule applies to the maintenance in a public way of a structure which is naturally calculated, and may reasonably be expected, to frighten horses of ordinary gentleness. For instance, in *Jones* v. *Housatonic Railroad*, 107 Mass. 261, where a traveller on the highway sustained injuries through

the fright of his horse occasioned by a derrick which was maintained by the corporation on its own land but projected four feet within the limits of the way, it was held that the question of the defendant's liability was rightly submitted to the jury. The same principle was recognized in *Judd* v. *Fargo*, 107 Mass. 264, where the plaintiff's horse was frightened by a sled with some tubs on it, which the defendant left in the highway adjoining his farm. See also *Igo* v. *Cambridge*, 208 Mass. 571, 576; *Joyce* v. *Exeter, Hampton & Amesbury Street Railway*, 190 Mass. 304; *John A. Tolman & Co.* v. *Chicago*, 24 L. R. A. (N. S.) 97, and note.

. In our opinion it was for the jury and not for the court to determine whether, on all the evidence, the plaintiff's injury was caused by an unreasonable or negligent use of the public way by the defendant. In accordance with the terms of the report judgment is to be entered for the plaintiff for $100, damages and costs.

*Ordered accordingly.*