*Northern District*

No. 5068

**JOHN MULREY ET AL**

v.

**OLD COLONY CONSTRUCTION COMPANY OF QUINCY**

(June 13, 1957)

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

(This opinion has been abridged).

*Gadsby, P. J.* This is an action of tort by three plaintiffs, one of whom was an operator of an automobile and the others passengers. The plaintiffs' substitute declaration alleges that the defendant was engaged in making of repairs on a street and that in making such repairs that the street was allowed to remain in a dangerous and defective condition and that the defendant failed to erect and maintain suitable barriers to warn the plaintiffs of the existing dangerous and defective condition, as a result of which the automobile struck a sewer or watergate, causing personal injuries and property damage.

At the close of the evidence, the plaintiff filed requests for rulings of law as follows:

1. One who opens a public way under a lawful permit from a city, town or municipality assumes a duty that is analagous to that of a city or town; that duty being

a statutory one to keep the highway safe for travellers. *Morrison v. Quincy Market Cold Storage and Warehouse Co.,* 323 Mass. 536, 538.

2. One who opens a public way under a lawful permit from a city, town or municipality is not only under a duty to erect reasonable safeguards, but is under the further duty to maintain them thereafter. *Norwood v. Somerville,* 159 Mass. 105 cited in the *Morrison Case* in 323 Mass. 536, 531.

3. Ordinarily the question whether a particular obstruction in a public way is a reasonable one or is negligently maintained is a question of fact for the judge or jury. *Hurley v. M & M R. R.,* 228 Mass. 365, 367.

4. One who creates an obstacle in a public highway assumes the duty of taking proper and reasonable precautions to prevent accidents to travellers. In the absence of such precautions such obstacles become a nuisance and the person who created it is liable for injury caused by it to a traveller in the exercise of due care. *Dolan v. Charles J. Jacobs Co.,* 221 Mass. 256.

The Court allowed the plaintiffs' requests for rulings, stating that he did not consider plaintiffs' requests for rulings number 1 and number 2 as pertinent to the issues.

The defendant also filed certain requests for rulings of law which were as follows:

1. There is no evidence to warrant a finding for any of the plaintiffs under any count of the plaintiffs' substitute declaration.

2. The evidence requires a finding for the defendant in respect to each count of the plaintiffs' substitute declaration, namely:

(a) Count 1;

(b) Count 2;

(c) Count 3;

(d) Count 4;

(e) Count 5;

(f) Count 6;

(g) Count 7;

(h) Count 8.

3. There is no evidence that the alleged injuries or damage resulted from any negligence on the part of the defendant or its agents or servants.

4. There is no evidence that the condition alleged to have caused the injuries or damage complained of resulted from the negligence of any person for whose conduct the defendant was legally responsible.

5. If the plaintiffs had reasonable warning from signs or otherwise that the highway on which they were travelling at the time of the alleged accident was under repair or reconstruction, they were bound to exercise special care in using the highway.

6. If the plaintiffs had reasonable warning from signs or otherwise that the highway on which they were travelling at the time of the alleged accident was under repair or reconstruction, they were bound to exercise special care in using the highway, and if the operator of the plaintiffs' vehicle was not in the exercise of such special care at the time of the alleged accident then none of the plaintiffs is entitled to recover.

7. If the plaintiffs had reasonable warning from signs or otherwise that the highway on which they were travelling at the time of the alleged accident was under repair or reconstruction, and if the operator of the plaintiff's vehicle was not in the exercise of such special care at the time of the alleged accident, then the plaintiff John J. Mulrey is not entitled to recover.

8. If the plaintiffs had reasonable warning from signs or otherwise that the highway on which they were travelling at the time of the alleged accident was under repair or reconstruction, and if the alleged injuries or damage were caused by a condition of the highway which ought reasonably to have been anticipated in view of said warning, then none of the plaintiffs is entitled to recover.

9. As a matter of law, a finding is required that the plaintiffs had reasonable warning that the highway on which they

were travelling at the time of the alleged accident was under repair or reconstruction and thus likely to be dangerous.

10. Warning that the highway was under repair or reconstruction can come from the condition of the highway itself as well as from signs or barriers.

The Court denied defendant's requests numbers 1 to 4 inclusive and allowed requests numbers 5 to 10 inclusive.

The trial judge warrantably made the following findings of fact:

"This is an action of tort by four plaintiffs, one of whom was the operator of an automobile, and the others passengers. The declaration alleges that the defendant was engaged in the making of repairs on a street and that in making such repairs the street was allowed to remain in a dangerous and defective condition, by reason of which the automobile struck a sewer or water gate, causing personal injuries and property damage.

The accident happened on the Morrissey Blvd. in Boston; the locus of the accident was under repair, as were additional areas of said street for some disance from the point of the accident.

At the point of the accident the macadam had been removed, leaving a gravel surface. The street was not closed to traffic. It was a dark night, and the area of the accident had no adequate illumination. For a distance prior to entering the area, the plaintiff operator had been proceeding at the rate of about 20 miles per hour, but as he approached the point of the accident he was proceeding about 5 to 7 miles per hour. I found no unreasonable speed which contributed to the causing of the accident. The automobile struck an oblong "sewer gate" which protruded above the traveled part of the gravel road from 8 to 10 inches, and there was a mound of dirt leading to it.

As the plaintiff operator approached the area of the accident there was a detour sign which caused the operator to turn to the right and to proceed on the gravel road. The operator made a right turn to go on this gravel road, and had made a gradual right turn on the gravel road when he struck the sewer gate. To the left of the operator was a barrier (wooden) on which barrier were two red reflectors.

I find as a fact that the area in question was negligently maintained by the agency whose duty it was to properly light, and give proper warning of the dangerous condition of the roadway. However, it was obvious to the plaintiffs that the roadway was under repair, even though the area was not closed to traffic.

There is difficulty in determining whose responsibility it was to properly light the area, and give warnings, and to have discovered the danger created by the protrusion of the sewer gate, if the foregoing findings as a matter of law fasten liability on any one.

The plaintiffs offered, in their entirety, the answers to interrogatories propounded by the plaintiffs to the defendant. In answering to interrogatory three, the defendant states that it was engaged in the "reconstruction" of the Morrissey Boulevard, but in answer to interrogatory four the defendant states that it was not engaged in making repairs in the area of the accident.

In answer to interrogatory 12A signs were placed by laborers under the direction and supervision of company foremen, and a Metropolitan District Commission engineer. In view of the foregoing findings, it is difficult to determine whose responsibility it was to place proper warnings at the locus of the accident, particularly when it is stated in answer to interrogatory four that the defendant was not making repairs in the area of the accident. There was no evidence

that any agency granted a permit to the defendant, and there was no evidence that any condition was imposed by the agency with reference to proper lighting by the defendant. Therefore, I find for the defendant. This report contains all the evidence material to the question reported.

The plaintiffs claim to be aggrieved by the ruling inherent in my special findings, disposition of requested rulings in the general findings for the defendant such ruling being as follows:

Notwithstanding that there was no evidence to show that any person other than the defendant did any work on the roadway — whether such work be called repair or reconstruction of the William T. Morrissey Boulevard, does not

(a) allow me to find and rule,
(b) require me to find and rule that the doing of the reconstruction work imposed on the defendant the duty of properly lighting and warning the plaintiffs of the defective and dangerous area and maintaining the same.

I report the correctness of such ruling to the Appellate Division for determination."

Questions of negligence on the part of the defendant and contributory negligence on the part of the plaintiff are primarily questions of fact which must be decided by the trier of the facts. *Hladick v. Williams,* 292 Mass. 470, 473; *Morton v. Dobson,* 307 Mass. 394, 397; *Barrows v. Checker Taxi Co.,* 290 Mass. 231; *Avery v. Guerin Trucking Co.,* 304 Mass. 500.

The finding for the defendant imports a finding of all subsidery facts. *Adams v. Dick,* 226 Mass. 46.

The function of this Division is to review questions of law raised by requests for rulings of law. We do not review the judge's findings of fact. Even if we were to decide the facts differently, that does not justify us to reverse the findings of fact made by

the judge who heard the evidence and saw the witnesses. While it would appear that the trial judge could have considerably clarified his findings and explain how he arrived at the result with more exactness, yet a review of the case shows no error of law involved. It could not have been ruled as a matter of law that the plaintiff had sustained the burden of proof. *Memishian v. Phipps,* 311 Mass. 521; *Rappe v. Met. Life Ins. Co.,* 320 Mass. 376, 379.

There being no prejudicial error committed by the trial judge in his disposition of the various requests for rulings of law, *the report is ordered dismissed.*

Barrett & Cameron, for the plaintiffs.

Choate, Hall & Stewart for the defendant.