*Northern District*

No. 5089

## DANIEL KELLEY
v.
## CHARLES CAPONE
## CONSTRUCTION CO., INC.

(March 6, 1958)

*Present:* Brooks, J. (Presiding), Northrup and
Kelleher, JJ.

Case tried to Russell, Sp. J., in the First District Court of
Eastern Middlesex. No. 1938 of 1955.

*Northrup, J.* This is an action of tort to recover
for damage to plaintiff's motor trailer allegedly
caused by the negligence of the defendant. The
material part of the defendant's answer is a general
denial and an allegation of contributory negligence.

*At the trial there was evidence tending to show that* on November 9, 1954 the defendant corporation was repairing for the Commonwealth of Massachusetts, Department of Public Works, a portion of the state highway known as Route No. 140 in Foxboro, Massachusetts between Spring Street and Route No. 106; that during repair of the same, said portion of Route No. 140 was legally closed to traffic and that it was bumpy and obviously under repair. That on said date at about 1:45 A.M. the plaintiff drove his motor vehicle and trailer for a distance of approximately 2100 feet over said part of Route No. 140; that while so doing, the *top of his trailer came in contact with an overhanging branch of a tree,* which the plaintiff saw before the accident, and was damaged thereby; that approximately 45 minutes before the alleged accident there was a barricade and flares in the center of Route No. 140 at the intersection of Spring Street where the repairs on said highway began and that such road block at said time effectively closed Route No. 140 at that point to vehicular traffic; that at the time the plaintiff entered Route No. 140 at said intersection he did not see any road block or flares and that at 2:30 A.M. on said date the road blocks were on the east side of the road and there were no flares in sight anywhere. There was no evidence as to exactly when the road block and flares were removed or by whom. The court made special finding of facts substantially in accordance with the foregoing testimony and found for the defendant. At the conclusion of the evidence, the plaintiff duly filed the following requests for rulings:

1. Upon all the evidence, the court rule there was no road block or flares or any other warning on or at Mass. Highway 140 at intersection of Spring Street or at any place or point on said Highway in any of the area at or near the point of the accident either at the time of

the accident or at the time when the plaintiff passed the points named in this request.

2. Upon all the evidence the court rule that defendant was in charge of that portion of Mass. Highway 140 from its intersection at Spring Street to and including the point where the accident occurred; and that defendant was responsible for this portion of said Highway due to defendant's contract with the Department of Public Works of the Commonwealth, under which contract the defendant was repairing said Highway.

3. That, as a matter of law the defendant, under contract with the said Department of Public Works, had the duty to erect and maintain suitable warnings to the plaintiff that the defendant has rendered Highway 140 unsuitable for safe driving.

4. Upon all the evidence, the court rule that the defendant admitted the duty to erect suitable warnings, but was negligent in failing to maintain such warnings at such points as were necessary to inform the plaintiff of the place of danger.

5. A driver on a public way has the right to rely upon the expectation that the Department of Public Works either through its own employees or through the employees or agents of its contractors will maintain highways in a safe condition and this includes the posting of suitable warnings to detour traffic away from unsafe and dangerous areas of highway.

6. The defendant's failure to maintain any warning to the plaintiff of the existence of the condition of Highway 140, rendered unsafe and dangerous by the acts of the defendant, constitute negligence on the part of the defendant.

7. Upon all the evidence the plaintiff is entitled to recover because the defendant was guilty of negligence and the defendant has not sustained the burden of showing that the plaintiff was guilty of contributory negligence.

8. If the court finds the defendant violated the duty it owed the plaintiff, that is sufficient evidence to warrant the plaintiff to recover."

The court allowed plaintiff's request Nos. 1, 2, 3, 5, & 8 and denied plaintiff's requests Nos. 4, 6, & 7. The plaintiff, claims in the report, to be aggrieved (1) by the trial court's denial of the plaintiff's requests Nos. 6 and 7. (2) by failure of the trial court to make findings of special facts in support of its denial of said requests. (3) by the alleged inconsistency between the trial court's finding that the road blocks had been moved and its general finding for the defendant, as evidenced by the court's allowance of request No. 3 and its denial of request No. 4. We find no merit in any of the plaintiff's said claims of aggrievement.

In *Hurley v. B & M RR.*, 228 Mass. 365, 367 the court said "Ordinarily the question whether a particular obstruction of a public way is a reasonable one or is negligently maintained, is one of fact for the jury". In the case at bar the negligence of the defendant, as well as the due care of the plaintiff are such questions of fact within the sole jurisdiction of the trial court. The denial of request No. 7 was in effect an affirmation by the trial court of a finding by the court that the defendant was not negligent or that the plaintiff was not in the exercise of due care, or both. The only question of law raised by the denial of such a request for ruling is whether there was any evidence to support the court's finding or findings.

On the testimony, the trial court was amply warranted in finding that the defendant was not negligent. In fact it is doubtful if it warranted any other conclusion. Fairly interpreted, the testimony on this point discloses that on said date at 1:00 A.M. the road block, effectively closing that part of Route No. 140, was in proper position and was lighted with flares. Less than forty-five minutes later, when the plaintiff drove by, there were no flares and the road block had been removed. There was nothing in the evidence to show when they were removed or that

the defendant was in any way responsible for the same. So far as the evidence is concerned, it could have been only a moment before the plaintiff came along and in any event it was less than forty-five minutes prior thereto. The defendants duty to maintain such road block under the circumstances in this case was not an absolute duty requiring constant vigilance on the part of the defendant. The defendant in the maintenance of the same was legally required to exercise only the degree of care, vigilance and foresight of a person of ordinary prudence under the circumstances which existed at the time. The person charged with the duty of maintenance of such safeguards must know, or must be chargeable with knowledge of the same, before he can be held legally responsible for damages resulting therefrom. In *Myers v. Springfield*, 112 Mass. 489 cited with approval in *Morrison v. Quincy Market Cold Storage and Warehouse Co.*, 323 Mass. 536, 540 the court said with respect to the duty of one in the position of the defendant in the case at bar, that the law required such person ". . . to take all reasonable and proper care to maintain the barriers so erected; and the question of what degree of care is reasonable depends on the special circumstances of each case." On the evidence in the case at bar the court was fully warranted in finding that the defendant did not know of the removal of the safeguards and that he was not legally chargeable with knowledge of the same. Such findings not only warranted, but required a ruling that the defendant was not negligent.

Furthermore the evidence that the road was bumpy and was obviously under construction and that the plaintiff before the accident, saw the tree, a portion of which came in contact with the trailer, was sufficient evidence to warrant the court in finding that, in spite of any negligence of the defendant, the plaintiff himself was not in the exercise of due care. Such findings of fact by the trial court in the

case at bar, so far as they relate to the issues of negligence of the defendant and due care of the plaintiff are amply supported by the evidence in the case and are not subject to review by this court. *James B. Rendle Co. v. Conley & Daggett Inc.*, 313 Mass. 712; *MacDonald v. Adamian*, 294 Mass. 187, 190; *Bresnick v. Heath*, 292 Mass. 293, 296; *Dillon v. Town of Framingham*, 288 Mass. 511, 513.

We therefore find no error in the denial by the trial court of the plaintiff's request for rulings No. 7.

The plaintiff's request No. 6 was properly denied for the reason that it assumes the existence of a fact which the trial court did not find to wit: a failure by the defendant to exercise that degree of care and vigilance in the maintenance of the road block which the circumstances at the time required. Requests which assume facts not found by the court are properly denied. *Cameron v. Buckley*, 299 Mass. 432, 434; *Gustafson v. Metropolitan Transit Authority*, 333 Mass. 769; *Dolham v. Peterson*, 297 Mass. 479, 481.

The plaintiff claims to be aggrieved also by the failure of the court to make special findings of fact in explanation of its denial of requests Nos. 6 and 7. It is well settled however that a trial court is not required to make special findings of fact even though requested to do so by the court, and there was therefore no error in the court's not doing so in the case at bar. *Memishian v. Phipps*, 311 Mass. 521, 525; *Dolham v. Peterson*, 297 Mass. 479, 481.

The plaintiff's remaining claim of error relates to an alleged inconsistency in the court's rulings on requests Nos. 3 and 4, with the court's general finding for the defendant. However such inconsistency can only be raised by a motion for correction of the general finding or by a motion for a new trial. *Memishian v. Phipps*, 311 Mass. 521, 525; *Caton v. Winslow Bros. and Smith Co.*, 309 Mass. 150, 154; *Cobb v. Albany Carpet Co.*, 301 Mass. 317, 318;

*Low Supply Co. v. Pappacostopoulous,* 283 Mass. 633.

Although the foregoing question of inconsistency of the court's rulings with the general finding for the defendant is not properly raised, we might point out that if the trial court's rulings and findings are examined in the light of the law as laid down in *Morrison v. Quincy Market Cold Storage and Warehouse Co.,* 323 Mass. 536, and cases cited, any semblance of inconsistency disappears. The mere fact that the road block was not in position at 1:45 A.M. on November 9, 1954 when the plaintiff entered the portion of Route No. 140 that was under construction at the time, is not necessarily, and the court so found, a failure to maintain said barrier in accordance with the legal obligation which the law imposed upon it. There is no inconsistency in the court's rulings under request No. 3 that there was a duty on the defendant to maintain barriers, and its denial of the plaintiff's request No. 4 to the effect, that the defendant was negligent in the maintenance of the same.

There being no error in the trial court's rulings and refusals to rule, the report is ordered dismissed.

John G. Graham, for the plaintiff.
Charles Brias, for the defendant.